THE SAN ANTONIO & ARANSAS PASS RAILWAY COMPANY ET AL.
v. H. F. MacGREGOR.

No. 184.

1. **Practice—Examination of Witness.**—Although the form of the question asked a witness be objectionable, if the answer is not, the error is harmless.

2. **Opinion Evidence.**— Issue being as to the extent to which plaintiff's property had been damaged by reason of the building of defendant's railway across it, it was competent for the plaintiff, on the stand as a witness, to give his opinion concerning the value of the property, and to state the value of the land without the road upon it, and the extent to which such value had been diminished by the road.

ERROR from Harris.   Tried below before Hon. JAMES MASTERSON.

*O. T. Holt*, for plaintiffs in error.—Witnesses must state facts, and not give their opinion without stating the facts on which said opinion is based. 56 Texas, 141; 81 Texas, 131; 63 Texas, 890; 3 Sedg on Dam., sec. 1208; Rogers on Exp. Test., sec. 3; Railway v. Craft, 14 Eng. and Am. Ry. Cases, 202.

*Hutcheson, Carrington & Sears*, for defendant in error.

WILLIAMS, ASSOCIATE JUSTICE. — Defendant in error, MacGregor, brought this suit against the plaintiffs in error, the railway company, and Yoakum and MacNamara, its receivers, to recover a tract of 41 acres of land near the city of Houston, and damages caused by the construction of the railway across it.

The defendants filed pleadings for the purpose of obtaining a condemnation of a strip 50 feet wide across the tract for its use as a right of way.

Upon a trial a verdict was rendered in favor of the company condemning the right of way, and in favor of the plaintiff for $4000 as the value of the land thus taken and damages to the remainder of the tract resulting from the location of the road upon it.    The evidence as to the value of the portion of the land occupied by the defendant as right of way, and as to the injury to the value of the remainder of the tract caused by the road upon it, was conflicting.    There was ample testimony to sustain the verdict of the jury, and we conclude that the damages amounted to $4000.

The only questions of law presented relate to the admission of evidence at the trial.

The first, second, and fourth assignments of error complain of the overruling of objections to questions asked plaintiff while testifying as a witness.    The objection was that the questions called for the opinion of the witness as to the extent to which the property had been damaged.

A witness may give his opinion concerning the value of the property; and in this case it was competent for the plaintiff to state his opinion as to the value of the land without the road upon it, and the extent to which such value had been diminished by the road.    This we understand the witness to have done throughout his testimony.

It is not regular, in suits for damages, to ask witnesses to state the amount of damage which has resulted from given acts, because the witness may give his conclusion based upon improper standards, or upon facts which should be submitted to the jury.    For this reason the form of the questions asked was objectionable.    They should have called for the opinion of the witness as to the value of the property, and as to any deterioration in such value resulting from the maintaining of the road upon the land, rather than his general conclusion as to the amount of the damage he had sustained.    But, as above pointed out, the witness answered as to value, and gave his opinion upon that alone.    The error was therefore harmless.

The evidence referred to in the third assignment, as to the purposes for which the land was valuable, was properly admitted.

The judgment is affirmed.

*Affirmed.*

Delivered March 30, 1893.