CHICAGO, ROCK ISLAND & TEXAS RAILWAY CO. v.
T. L. DOUGLASS AND WIFE.

Decided October 17, 1903.

1.—Market Value—Evidence—Condemnation Proceedings.

It was error to permit witnesses who testified in condemnation proceedings that they did not know the market value of the land to state, over objections, that the running of the railroad across the land had depreciated its market value from $500 to $1000, and that in their opinion "its market value to them" was less, in a stated amount, than before the construction of the road.

2.—Condemnation Proceedings—Agreement Fixing Value.

Where, prior to the construction of a railroad across certain land, the railway company obtained from its owners a written agreement, unilateral in form, binding them to convey the land to the company for a specified sum, but without binding the company to do anything, and the company was afterwards permitted on the faith of the agreement to enter upon and appropriate the land, such agreement was conclusive as to the amount of the damages in condemnation proceedings subsequently brought by the company.

3.—Same—Agency—Objections Below Necessary.

An objection that the persons who obtained such agreement from the land owners were not the agents of the railway company will not be considered on appeal where no such objection was made below when the agreement was offered in evidence.

Appeal from the County Court of Young. Tried below before Hon. J. W. Akin.

*E. W. Johnson* and *P. A. Martin,* for appellant.

*R. F. Arnold,* for appellee.

STEPHENS, ASSOCIATE JUSTICE.—This was a condemnation proceeding. The witnesses offered by appellees to establish their claim for damages, although acquainted with the land sought to be condemned and how the railroad crossed it, all admitted their ignorance of its market value, but stated that if they wanted to buy the land they would not give as much for it after the construction of the railroad upon it as before. They were nevertheless permitted, over the objections of appellant, to state that the running of the railroad across the land and the construction of the siding thereon had depreciated its market value from $500 to $1000, and that while they did not know the market value of the land, they knew it had been damaged to the extent stated. The bill of exceptions further shows that they were permitted to testify that in their opinions "the market value to them" of appellees' land was from $600 to $1400 less than it was prior to the construction of the railroad. It seems strange that witnesses so well acquainted with the land as these appear to have been (including the owner himself), should have been entirely ignorant of its market value, while the witnesses offered by the appellant were so well acquainted with the market value, but we must dispose of the case as made by the record, and

so treating it must hold the evidence objected to to have been incompetent. City of Dallas v. Taylor, 69 S. W. Rep., 1003; Railway Co. v. Hitchins, 26 Texas Civ. App., 400.

The written instrument offered by appellees to show that the damages had been liquidated by agreement before the condemnation proceeding was instituted was excluded on objection of appellant, and to this ruling appellees have assigned error. Of the several grounds of objection the sixth and last was the most plausible, to the effect that the instrument contained no promise to pay anything on the part of the railway company. True it was in form unilateral, binding appellees to convey the land to the railway company on the payment of the sum ($500) specified as liquidated damages, without in terms binding the railway company to do anything. But if, as alleged by appellees, the railway company through its authorized agents procured the agreement with a view of constructing its road, and was afterwards permitted on the faith of the agreement to enter upon and appropriate the land, we think the written instrument under such circumstances would be conclusive upon the question of the amount of damages. If, as alleged by the appellees, the damages had thus been agreed upon, the commissioners and the county court were alike without power to assess the damages. It is insisted, however, in the brief of appellant, that the persons who obtained this written agreement were not the agents of the railway company, but no such objection was raised when the evidence was offered and will not be considered for the first time in this court.

Therefore, because the court erred, first, in admitting the testimony of appellees' witnesses as to the depreciation in the market value of the land, and second, because the court erred in excluding the written instrument above discussed, the judgment is reversed and the cause remanded for a new trial, with one-half of the costs of appeal taxed against each party.

*Reversed and remanded.*