WICHITA FALLS & W. RY. CO. OF TEXAS
v. WYRICK.

(Court of Civil Appeals of Texas. Amarillo.
April 13, 1912.)

1. TRIAL (§ 191*) — INSTRUCTION—ASSUMING FACTS.

An instruction in condemnation proceedings that, in determining the injury or benefit to the land not taken, the jury should consider the effect upon the convenience of the place, the alterations required, and the effect upon the value of the premises and upon its use as a home from running trains across it, assumed the existence of the facts mentioned and was erroneous.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 420–431, 435; Dec. Dig. § 191.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

2. EMINENT DOMAIN (§ 222*)—CONDEMNA-
TION PROCEEDINGS — INSTRUCTION — EVI-
DENCE.

In proceedings to condemn a railroad
right of way, it was error to instruct that the
jury 'might consider in determining the injury
or benefit done to the land not taken, the evi-
dence as to the increased danger to live stock,
buildings, fences, crops, or grass, without lim-
iting such evidence to its effect upon the mar-
ket value of the land.

[Ed. Note.—For other cases, see Eminent
Domain, Cent. Dig. §§ 562–567; Dec. Dig. §
222.*]

3. EVIDENCE (§ 474*)—OPINIONS—COMPETEN-
CY OF WITNESSES—VALUE OF LAND.

Where a witness in condemnation proceed-
ings testified that the landowner procured him
to look over the land with reference to testi-
fying in the case, and that he went upon the
land and saw how the railroad was surveyed,
but had not been back since and did not know
how the road ran across the place, and where
he did not state that he knew the market val-
ue of the land, he was not competent to testify
as to its value; it not appearing that he had
any means of knowing the value of the land
after as well as before the construction of the
railroad.

[Ed. Note.—For other cases, see Evidence,
Cent. Dig. §§ 2196–2219; Dec. Dig. § 474.*]

4. EVIDENCE (§ 113*) — MARKET VALUE —
PRICE.

The price paid for land was not evidence
of its market value.

[Ed. Note.—For other cases, see Evidence,
Cent. Dig. §§ 259–296; Dec. Dig. § 113.*]

5. EMINENT DOMAIN (§ 203*) — CONDEMNA-
TION PROCEEDINGS—EVIDENCE—ADMISSIBIL-
ITY.

In determining the injury or benefit to the
land not taken in proceedings to condemn a
railroad right of way, a witness whose prop-
erty is similarly situated may testify as to the
effect the construction of the railroad has had
upon his own property.

[Ed. Note.—For other cases, see Eminent
Domain, Cent. Dig. § 542; Dec. Dig. § 203.*]

6. APPEAL AND ERROR (§ 1033*)—HARMLESS
ERROR—STATEMENT BY COURT.

A statement made by the court in passing
on the competency · of certain questions, that
they were proper on cross-examination, but
that the failure of witness to answer went to
the weight of his evidence and the reasonable-
ness of his claims, being in the complainant's
favor, was harmless.

[Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. §§ 4052–4062; Dec. Dig. §
1033.*]

7. EMINENT DOMAIN (§ 203*) — CONDEMNA-
TION PROCEEDINGS—ESTIMATION OF BENE-
FITS AND DAMAGES—EVIDENCE.

In determining the injury or benefit done
to land not taken in proceedings to condemn a
railroad right of way, the inquiry as to the
value of the land should be confined to its mar-
ket value immediately before and after the tak-
ing, and evidence as to its market value at
the time of the trial is not admissible.

[Ed. Note.—For other cases, see Eminent
Domain, Cent. Dig. § 542; Dec. Dig. § 203.*]

Appeal from Collingsworth County Court;
Marion ·Reynolds, Judge..

Condemnation proceedings to secure right
of way by the Wichita Falls & Wellington
Railway Company of Texas against Jim Wy-
rick. From the judgment determining the
amount of the award, the company appeals.
Reversed and remanded.

R. H. Templeton, of Wellington, and Theo-
dore Mack, of Ft. Worth, for appellant.
Lackey & Lackey, of Wellington, for appel-
lee.

HALL, J. This appeal grows out of an ef-
fort on the part of appellant railway com-
pany to condemn appellee's land for right
of way purposes. The case was tried in the
county court before a special judge, resulting
in a judgment for $750 based upon the ver-
dict of a jury.

[1] The first and second assignments of
error, submitted together, complain of that
part of the third paragraph of the charge
wherein the jury are instructed that, in de-
termining the injury or benefit done to the
remainder of the land not actually taken for
right of way purposes, they should take into
consideration· the effect upon the convenience
of said place, ·of the alterations in fences.
fields, pastures, and length of rows, also the
establishment of fences along the right of
way, and also the effect upon the value of
the premises and the effect upon its use as
a home occasioned by running trains across
it, the attendant danger, if any, of injury to
grass by fire, and the danger, if any, of
killing or injuring stock by trains; and the
first complaint is that it is·upon the weight
of the evidence and invades the province of
the jury. It will be observed that the court
does not tell the jury if they should find
from the evidence that these elements of dam-
age exist then they should consider them, but
the charge is so framed that it assumes the
existence of such facts and is therefore er-
roneous.

[2] Complaint is further made because the
court instructs the jury that they might take
into consideration "the attendant danger, if
any, of injury to grass by fire, and the dan-
ger, if any, of killing or injuring stock by
trains," because such damages are not re-
coverable in a proceeding to condemn land
for railway purposes, but are torts which
may or may not happen in the future, and
for which the law affords the defendant re-
lief in the event such damages should occur.
This is a question upon which there is a
great diversity of opinion. We have con-
cluded that the correct rule is this: The
danger to which live stock upon the farm
will be exposed, and the danger from fire to
buildings, fences, crops, or grass, in so far
as it affects the market value of the farm,
may properly be considered, but such dan-
gers cannot be considered by the jury as
elements of damage aside from the effect
they may have upon the market value of the
land. It is to be borne in mind that com-
pensation is not to be given for increased ex-
posure to fire nor for increased insurance
rates, nor for probable losses by fire in the

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

future for which no recovery can be had, but simply for depreciation in the market value of the property by reason of the danger from fire. The evidence should therefore be limited to showing all the facts in regard to the situation of the property and improvements, relatively to the railroad. In the case of G., C. & S. F. Ry. Co. v. Eddins, 60 Tex. 656, it was held that an instruction which in substance directed the jury in making their estimate of the damage sustained by appellee from the construction and operation of the road, along the streets of the city of Brenham, to reject entirely from their consideration all of the testimony of the witnesses going to show injury or damage resulting to appellee from sparks of fire from the engines of appellant, was properly refused. In our opinion, the court erred in instructing the jury that these elements of damage should be considered by them in determining the question of injury or benefit, but should have limited it as a matter affecting only the market value of the premises. What has been said also disposes of the third assignment.

[3] The fourth assignment complains of the action of the court in permitting the witnesses Adams and Black to testify that they thought Wyrick was damaged about $1,000, because the witnesses had not qualified themselves to express any opinion as to the damages, and because their testimony was purely a guess. We understand the rule to be that a witness should not be allowed in this character of a proceeding to state the amount of the damages in a round sum as was done in this case, but that the inquiry should be confined to the market value of the land before and after taking. S. A. & A. P. Ry. Co. v. MacGregor, 2 Tex. Civ. App. 586, 22 S. W. 269; Bell County v. Flint, 91 S. W. 329; Railway Co. v. Hall, 78 Tex. 169, 14 S. W. 259, 6 L. R. A. 298, 22 Am. St. Rep. 42; C. R. & I. Railway Co. v. Douglas, 33 Tex. Civ. App. 262, 76 S. W. 449. While witnesses may not be required to be experts in a strict and severe sense of the term in order to give opinions on market value, and while there is no inflexible rule defining how much a witness must know in order to be so qualified, yet it must be made to appear that he had means for forming an intelligent opinion superior to those of the jurors, and that his opinion was derived from a knowledge of the character of the property in controversy and the manner and direction in which the road had been constructed across it. D. & P. S. Ry. v. Scholz, 44 S. W. 560; Cluck v. H. & T. C. Ry. Co., 34 Tex. Civ. App. 452, 79 S. W. 80. And before he can be heard to give his opinion concerning the amount of the damage it should appear from his testimony that he was acquainted with the value of the land without the road upon it, and the extent to which such value had been diminished by the road. The witness Black testified that

appellee procured him to look over the land with reference to testifying in the case; that he went over to appellee's farm and saw how the road was surveyed; had not been back since; did not know how the road ran across the place. The testimony of the witness Adams is to the same effect. They did not testify that they knew the market value of the land. We think the objections made to their testimony should have been sustained. For the same reason the testimony of appellee and of the witness Kessler, upon the question of his damages, should have been excluded, and the fifth, sixth, and seventh assignments of error are sustained.

[4] Appellant contends that deeds to lands which had been purchased by the witness Wells about the time of the condemnation in question were admissible upon the question of market value because the lands conveyed in said deeds were in the vicinity of appellee's property. We cannot concur in this contention, and the court did not err in excluding the evidence. The price paid for land is not evidence of market value. T. & Ft. S. Ry. v. Neches Iron Works, 122 S. W. 64.

[5] It having been shown that the witness Atteberry was a neighbor of appellee, that he was acquainted with appellee's land and the way in which the railroad crossed it, had been on the land both before and after the construction of the road, and that the same railway ran across his land and within a few yards of his door, appellant sought to elicit from this witness testimony as to the effect upon the comfort of his home and upon the value of his land occasioned by the smoke, dust, and noise from passing trains. It has been held that, where the witness' property is similarly situated, he may testify as to the effect the construction of the railroad has had upon his property. Kirby v. P. & G. Ry., 39 Tex. Civ. App. 252, 88 S. W. 281; Cluck v. Railway, 34 Tex. Civ. App. 452, 79 S. W. 80; C. & M. C. Ry. Co. v. Ritter, 1 White & W. Civ. Cas. Ct. App. § 267; Calvert W. & B. V. Ry. Co. v. Smith et ux., 68 S. W. 68; G., C. & S. F. Ry. v. Brugger, 24 Tex. Civ. App. 367, 59 S. W. 556.

[6] Under its ninth bill of exception, appellant complains that the court in ruling upon whether or not a certain witness should be required to itemize his damages stated that the questions were proper on cross-examination, but that the failure of the witness to answer them went to the weight of his evidence and the reasonableness of his claims. The court in ruling upon the admission or rejection of testimony should do so without comment, and, while the statement in question was improper, we are unable to see that appellant was injured, as the language used seems to be in appellant's favor. The tenth assignment is therefore overruled.

The eleventh assignment of error complains of paragraph 3 of the charge upon

the measure of damages to the remainder of the tract not taken, and the twelfth assignment is to the alleged error of the court in not granting appellant's motion for a new trial, because the verdict is excessive in that the jury were permitted to consider the present market value of the land instead of the market value at the time of the taking in estimating their damages.

[7] Evidence of the market value of the land at the time of the trial should not have been admitted, and the inquiry should have been confined to its market value immediately before and immediately after the taking and appropriating for railroad purposes. What has been said also disposes of the thirteenth, fourteenth, and fifteenth assignments of error.

Because of the errors pointed out, the judgment is reversed, and the cause remanded.