## LLOYDS AMERICA et al. v. POE.

### No. 2902.

Court of Civil Appeals of Texas. El Paso. Feb. 15, 1934.

Rehearing Denied March 8, 1934.

Poe brought this suit in the district court against Lloyds America and its attorneys in fact, Elliott Jones and W. M. Ratcliffe, setting up five separate and distinct causes of action.

The first cause of action was to recover $645.45 in unearned premiums upon which refunds were due.

The second was to recover $276.26 damage caused by theft of the Tom Thorp car, referred to as the Thorp claim.

The third, to recover $227.45 collision damage to the Jesus Frias car, referred to as the Frias claim.

The fourth, to recover $236.30 collision damage to the Sidney Knowles car, referred to as the Knowles claim.

The fifth, to recover $94.83 damage arising out of the Manuel Rangel confiscation loss.

By trial amendment a cause of action for $46.50 was set up, the nature of which will be later stated.

Upon trial without a jury judgment was rendered in Poe's favor for the various sums sued for, and from such judgment this writ of error is prosecuted.

Separate findings and conclusions were not filed by the trial court. The plaintiffs in error present no point questioning the correctness of the judgment upon the first and fifth causes of action declared upon in the original petition.

Upon the trial the plaintiffs in error offered no evidence. They here complain of the sufficiency of the evidence to support the recovery upon the various causes of action other than the first and fifth.

We will first consider the questions presented relating to the Thorp theft claim.

■ It is asserted the evidence is insufficient to show theft of the car.

On January 18, 1932, Poe Motor Company wrote Lloyds America at El Paso a letter which reads: "This is to advise you that Mr. and Mrs. Tom Thorpe reported the theft of Ford Coupe which we sold them November 30th, 1931. This car was stolen Saturday night. They stated that they reported the theft to the Police Depart. in El Paso & Juarez. We reported it to the Highway Police yesterday morning. The License Number of this car is D2—2536. Motor No. 2663525."

It was shown that Mr. Dorbandt, manager of the El Paso office of Lloyds, investigated

Turney, Burges, Culwell & Pollard and J. F. Hulse, all of El Paso, for plaintiffs in error.

Paul D. Thomas and Wm. Flournoy, both of El Paso, for defendant in error.

HIGGINS, Justice.

A. B. Poe is an automobile dealer doing business in El Paso, Tex., under the name of A. B. Poe Motor Company. Lloyds America issued to Poe a policy of insurance protecting him as the holder of mortgage liens upon various automobiles against loss or damage from various perils, including fire, theft, and accidental collision or upset.

162

the claim and on June 29, 1932, Lloyds wrote to Poe Motor Company as follows:

"Attention: Mr. Swanson

"Gentlemen:

"Re: Theft Loss—Mr. and Mrs. Tom Thorpe—Cert. No. A-397-D

"Referring to our conversation in your office on Monday, the 27th with reference to the above theft loss.

"I have gone into our files in this office and do not find the proper supporting papers, however, by referring to the Certificate of Insurance it is noted that the car in question is a 1929 Ford Coupe. The National Used Car Market Report appraised value of such automobile over the entire United States is placed at $70.00; however, in some instances it is customery to add to the United States Appraisal value approximately 50% when a car is in ordinary condition and taking for granted that the car in question was in good condition at the time of the alleged theft, it is my opinion that $125.00 will be a fair value to place on said automobile at this time. Therefore, if the car is not recovered and liability persists on our part, I am inclined to recommend to our San Antonio Office liability to the extent of $125.00.

"If this is agreeable to you please write our San Antonio Office direct for authorization to take proof for the latter amount.

"Yours very truly,

"Lloyds America

"By: [Sgd.] Leonard Hyatt."

This letter recognizes the validity of the claim and, in effect, is an admission the car had been stolen.

In this connection it is said the letter was an offer of compromise and conditional offer to settle for $125, and therefore has no probative force as an admission.

Offers to compromise cannot be admitted in evidence over objection, but they are not without probative force when admitted.

The authorities cited by plaintiffs in error in this connection do not hold such offers to be without probative effect.

Furthermore, the letter is not to be considered as an offer to compromise and therefore inadmissible. This is true because the record shows no dispute or controversy between the parties prior to the time the letter was written. It was a simple recognition of liability because of the theft of the car and submitting an offer of $125 in payment. The letter, if timely objection had been made, would have been admissible. 22

C. J. p. 311 et seq.; 17 Tex. Jur. title Evidence, § 233; Texas & P. Ry. Co. v. Spann (Tex. Civ. App.) 173 S. W. 600; Sanford v. John Finnigan Co. (Tex. Civ. App.) 169 S. W. 624.

█ It is further objected the authority of Leonard Hyatt, who signed the letter in behalf of Lloyds, was not shown, and the statements therein contained for such reason of no probative force against Lloyds.

It was shown that prior to the date of the letter Hyatt had been the defendant's agent in charge of its El Paso office, but before the date of the letter had been transferred to defendant's San Antonio office where he then was. While in charge of the El Paso office he evidently was a general agent. We incline to the view that the failure to object to the introduction of the letter operated as a waiver of any failure to lay the proper predicate for its introduction by showing Hyatt's authority at the time the letter was written. 3 C. J. pp. 703-808; 64 C. J. pp. 168-170; Chicago, R. I. & T. R. Co. v. Douglass, 33 Tex. Civ. App. 262, 76 S. W. 449; Fort Worth & D. C. R. Co. v. Wright, 27 Tex. Civ. App. 198, 64 S. W. 1001.

See, also, 2 C. J. p. 920, § 650, where it is said: "Continuance of Authority of Agent— (a) In Cases of General Agency. If a general agent for any purpose is shown the presumption as to third persons dealing with the agent is that it continues until notice of revocation."

And at page 925, § 663, it is said: "Termination of Relation. The burden of showing that a general agency, shown to have been established for a given purpose, was terminated before or during the transaction in question is on the party asserting it. To meet the burden of proving the termination of the agency the principal asserting it, must show that, before or during the transaction in question, notice, express or implied, of the revocation of the agency had been conveyed to such person."

█ But, aside from these considerations of waiver and presumption of continuing authority, the record discloses that defendant in error in his petition set up the letter in question and declared upon it as a part of his cause of action. The authority of Hyatt not having been denied under oath, his authority to write the letter was not in issue. Missouri, K. & T. R. Co. v. Gober (Tex. Civ. App.) 125 S. W. 383; Missouri Life Insurance Company v. Boles (Tex. Civ. App.) 288 S. W. 271; article 2010, subd. 8, R. S.

██ The policy sued upon contains stipulations which read:

"Lloyds America shall not be liable until, or unless, said note or notes have become due and remain unpaid after an exhausted attempt on the part of the mortgagee to collect same, * * *

"Lloyds America shall not be liable until, nor unless the described automobile be abandoned to the mortgagee as the immediate and direct result of one accidental collision with another object, or upset. * * *"

With respect to the Frias and Knowles claims, it is said the evidence is insufficient to show:

(1) An "exhausted attempt" by defendant in error to collect the notes held by him against Frias and Knowles.

(2) An "accidental" collision.

(3) An "abandonment" by the owners of the cars to defendant in error "as the immediate and direct result of one accidental collision with another object, or upset."

In considering the sufficiency of the evidence it must be viewed in the light most favorable to the defendant in error. The trial judge passed upon all issues of fact and found in favor of Poe. Such findings are entitled to the same weight as the verdict of a jury. In considering the sufficiency of the evidence, every legitimate conclusion must be indulged which may be reasonably deduced from the facts directly proven. The evidence so considered, we think, is sufficient to support a finding in favor of Poe upon each of the three issues indicated. It would serve no purpose to detail the evidence or discuss its probative force. It has been fully considered and is regarded as prima facie sufficient.

██ In the trial amendment Poe sought to recover for minor losses upon three automobiles other than those referred to in the original petition. One of the cars referred to in the amendment is known as the Tom Magges car. The amendment alleged the Tom Magges automobile had been insured by Lloyds America against loss by fire, another against loss by theft, and a third against loss by theft. That losses had occurred to each of the automobiles on account of the perils insured against, the loss to the Tom Magges automobile being by fire. That one Dorbandt, who had authority to do so, told Poe Motor Company to restore said losses, agreed with A. B. Poe, Jr., on behalf of the Poe Motor Company as to what was necessary to be done in that respect, and as to what the charge for such restoration would be, admitted the liability of the Lloyds America for the cost of restoring such losses, respectively, and ordered defendant in error to restore said losses, and charge the cost thereof to the account of Lloyds America, and promised Lloyds America would pay the cost of restoring said respective losses as set out in said amendment. Pursuant to such order, authority, and promise, defendant in error made repairs upon the automobile of Tom Magges to restore the damage done by fire. The work done on the Tom Magges automobile is then itemized both as to labor and parts. It is then alleged the amounts charged were the usual and reasonable value and the price which Lloyds America, acting through said agent, agreed and promised to pay defendant in error therefor. And the services rendered in connection with each of the cars were the services which the plaintiffs in error, acting through said agent, authorized defendant in error to render, and for which it agreed to pay defendant in error the sum charged, and which it authorized to be charged against plaintiffs in error on open account.

As to the claim in connection with the Magges car, the point is made that there was no proof of fire insurance upon said car.

A. B. Poe, Jr., testified:

"Q. Mr. Poe, during the time you had insurance with the Lloyds America on various cars, was there a loss occurred, a small loss, on a car owned by Tom Magges, they had insurance on? A. Yes."

With respect to a conversation with Mr. Dorbandt, local agent of Lloyds, the witness testified further:

"Q. Did you have any conversation with him about a loss you were claiming on the Tom Magges car? A. Yes, his car caught on fire.

"Q. You were claiming the car caught on fire? A. Yes.

"Q. Did he undertake to adjust the matter? A. Yes.

"Q. What did he tell you to do about it? A. Repair the parts damaged by fire.

"Q. Did you agree with him on the amount before you did the work? A. Yes.

"Q. How much did you agree with him? A. $38.50.

"Q. Did he order it charged to Lloyds America? A. Yes."

The testimony shows that insurance of some kind was carried by Lloyds on the Magges car, recognition of liability by Dorbandt,

and promise to pay the cost of repairing the damage.

We regard the amendment and testimony as sufficient to show liability of Lloyds upon an express promise to pay the cost of the repairs, and that the defect in the proof complained of by plaintiff in error is immaterial.

Affirmed.