## MASSIE v. CITY OF FLOYDADA.

### No. 4833.

Court of Civil Appeals of Texas. Amarillo.
Jan. 3, 1938.

Kenneth Bain, of Floydada, and Hamilton & Hamilton, of Matador, for appellant.

Fred F. Newsome, of Floydada, and Griffin & Morehead, of Plainview, for appellee.

STOKES, Justice.

This is an appeal from a condemnation proceeding instituted by the City of Floydada in the county court under article 1109b, Vernon's Annotated Civil Statutes, against appellant, W. M. Massie, and others not necessary to mention. The tract of land sought to be condemned is in the form of a triangle, consisting of .55 of an acre formed by the junction of highway No. 28 approaching the city from the east and highway No. 207 approaching from the southwest. Upon reaching the tract sought to be condemned, highway No. 28 makes a curve to the north, and in approaching the intersection the survey for highway No. 207 takes the form of a Y, one prong curving to the right so as to make an intersection with No. 28 convenient for travelers to continue on the latter highway in an easterly direction, and the other prong proceeding directly north in order to make it convenient for travelers to proceed in a northerly direction on highway No. 28, and thus entirely inclosing the triangular tract sought to be condemned. The condemnation proceedings included the land sufficient to constitute the right of way of highway No. 207 through the city, and, in concluding to condemn the property, the city council passed an order expressing the necessity and authorizing the acquisition of the fee simple title to the triangular tract here involved. The commissioners appointed by the county judge to appraise the property awarded appellant $203.50 for the tract involved in this appeal. Appellant duly filed his objections and exceptions to the award, charging that the amount awarded him by the commissioners was wholly inadequate, attacked the action of the city council in condemning this particular tract upon the ground that it was not needed for the highway, was not contemplated for highway purposes, and would not and could not be utilized as a roadbed or right of way.

The case was tried before a jury in the county court, and all items of damage and compensation involving other lands included in the proceedings were agreed upon, the trial being confined to the value of the triangular tract involved in this appeal and the authority of the city to condemn it for highway purposes. The case was submitted to the jury upon two special issues, in answer to which the jury found, first, that the city did not act arbitrarily or unjustly in determining the question of the necessity of taking the triangular tract and, second, that the cash market value of the tract here involved was $487.50. Motion for a new trial was filed by appellant, which was overruled, and appellant has perfected his appeal to this court, presenting the same upon a number of assignments of error condensed into eight propositions.

Under his first proposition appellant contends that the condemnation of the triangular tract was wrongful because it was not required for any part of highway No. 207, and is not to be used as a part of the highway. The plats and maps contained

in the record and the testimony of the witnesses show that the highway will not traverse the tract of land here sought to be condemned. The conclusion of the city authorities to condemn this particular tract seems to have been based upon the necessity of maintaining a clear and open space at the intersection of the two highways for the safety of the public traveling thereon.

 Whatever may have been the object and purpose of including this tract in the condemnation, it is not shown by the record that the city authorities, in including it, acted in a capricious, arbitrary, or fraudulent manner. That specific question was submitted to the jury and resulted in a finding substantially to the effect that they were not actuated by any motive other than that which is sanctioned by the law. It was shown that appellee is a city or town of less than 5,000 inhabitants and entitled to the right of eminent domain prescribed in article 1109b, Vernon's Ann. Civ.St., whenever the governing authorities shall deem it necessary, and in concluding to condemn private property under the provisions of the article mentioned the city authorities are not confined to the actual land or property needed for the roadbed. The record shows that the purpose of appellee was to grade and pave highway No. 207, including the prong leading into highway No. 28 toward the east. After completion of the improvement the triangular tract of land necessarily will be isolated from any other lands or property owned by appellant or others in the vicinity, and its use thereby reduced to limited purposes. The evidence showed that it would be valuable as a site for a gasoline filling station, but of little value for any other purpose. It was not only the right but the duty of the governing authorities of the city to construct the highway in such manner as to eliminate as far as possible the dangers incident to modern traffic. If in performing this duty they were of the opinion that it was necessary to take this tract of land in order to accomplish that purpose, and their action in determining to do so is not shown to be arbitrary, capricious, or fraudulent, the courts are without authority to review them. No abuse of their discretion is shown in this case and there was ample evidence to form the basis of the jury's finding in that regard. In our opinion, appellant's contention under this proposition is untenable, and this assignment is overruled. McInnis v. Brown County Water Imp. Dist., Tex.Civ.App., 41 S.W.2d 741; Crary v. Port Arthur Channel & Dock Co., 92 Tex. 275, 47 S.W. 967.

Under the third and fourth propositions appellant complains of the action of the court in overruling his objection to the admission of the testimony of G. C. Tubbs concerning the market value of the triangular tract here involved. The objection is based upon the contention of appellant that the witness was not shown to be qualified to testify or give his opinion concerning the value of the property. The witness testified he was, in a general way, familiar with the market value of the property on or about the first of August when the condemnation proceedings were instituted. He said he had, to some extent, kept up with what property of the kind and character was selling for and the prices for which it was being offered for sale, and that he had an opinion as to what the market value of the property was at the time, although he had not been in the real estate business in a good while. He was then asked by counsel for appellee to state his opinion as to the market value of the tract of land without regard to highway No. 28. Appellant objected to the witness giving his answer to the question upon two grounds. First, because the witness was not shown to be qualified to give his opinion as to the market value and, second, because he was asked to state the value of the land without regard to highway No. 28, the latter objection being based upon the fact that highway No. 28 had been located contiguous to the tract and in operation for more than a year.

 Under the rule of evidence well established in this state and in other jurisdictions, it is not required that witnesses called to testify in regard to the market value of land be experts in the strict and severe sense in order to be qualified to express their opinions. In the nature of things it is not practicable to attempt the establishment of a static and inflexible standard of knowledge or information which such witnesses must possess before they shall be permitted to give their opinions in regard to market value of land damaged or taken in such proceedings as this. Of course, it must be shown they have been afforded means by which they could draw some intelligent conclusion in regard to the subject of the inquiry and it has been said that such means should be such as to warrant the inference that

the intelligence of the witness in regard to the matter is superior to that which the jurors are supposed to possess. Fort Worth & D. S. P. Ry. Co. v. Judd, Tex.Civ.App., 4 S.W.2d 1032; Denison & P. S. Ry. Co. v. Scholz, Tex.Civ.App., 44 S. W. 560; Wichita Falls & W. Ry. Co. v. Wyrick, Tex.Civ.App., 147 S.W. 730; St. Louis, M. & S. E. Ry. Co. v. Continental Brick Co., 198 Mo. 698, 96 S.W. 1011.

■ The witness stated he was, in a general way, familiar with the market value of the property and, to some extent, had kept up with what property of the kind and character was selling for, although he had not been in the real estate business for a good while. From these statements we would naturally conclude the witness was not an expert in regard to the values of real estate in the vicinity, yet we think it sufficiently appears that his means of knowledge and his information concerning the values of real estate in the vicinity were superior to those which the jurors are supposed to have. The objection involved the weight that should be given his testimony, rather than its admissibility, and the contention of appellant in that regard is therefore overruled.

The second objection made to the testimony of this witness was that the question called for, and an answer to it necessarily involved, the value of the property without regard to the presence of highway No. 28. It was shown that this highway had been located, paved, and in operation contiguous to the property for more than a year.

■ Under the fifth, sixth, and seventh propositions, complaint is made of the action of the court in permitting the witnesses, Nelson, Howard, and Johnston, to give their opinions as to the value of the property without regard to the contemplated establishment of highway No. 207 contiguous to it. In principle, these assignments make the same contention that is made under the second objection to the testimony of the witness Tubbs and will be discussed in connection with it. As an ultimate issue, these questions would have been immaterial; but it sufficiently appears that the information was sought merely as incidents in the process of arriving at the value of the property in the condition in which it was at the time of its condemnation. The witness Tubbs stated that, without regard to highway No. 28, in his opinion the property was of the value of $150. He afterwards stated that, in his opinion, the presence of highway No. 28 increased its value $25 and that its value at the time of the hearing was $175. Upon cross-examination, the other witnesses mentioned were asked by counsel for appellant to state their opinions as to what the value of the property was in view of the fact that highway No. 207 was contemplated and what it would be if that highway were established. Some of them agreed that its value would be increased by the establishment of the highway and others stated that, in their opinions, it would not. Appellant therefore was not deprived of the testimony of the witnesses as to the value of the property, including any enhancement that would accrue by the establishment of the new highway and, even if the testimony complained of was not material to the ultimate issues involved and, for that reason, was not admissible, still appellant could not have been injured by it and the error, if any, was harmless. We do not agree with appellant that the court committed reversible error in this regard and these assignments are overruled. San Antonio & A. P. Ry. Co. v. MacGregor, 2 Tex.Civ.App. 586, 22 S.W. 269, Denison & P. S. Ry. Co. v. Scholz, Tex.Civ.App., 44 S.W. 560, and authorities supra.

■ Appellee's second assignment of error complains that the verdict and judgment are contrary to law and the great weight of the evidence in respect to the amount allowed him for the triangular tract of land taken and asserts that all of the evidence worthy of consideration placed its value far in excess of the amount allowed him as compensation for his land. A large number of witnesses was called by the parties who testified as to the value of the property, some of them placing it as low as $200 and others placing it as high as $1,000 to $1,500. After hearing these witnesses the jury, under the special issues submitted to them by the court, found the value of the property to be $487.50. The evidence was sufficient to warrant a finding which would have placed the value at less than that sum and, likewise, under the testimony, the jury would have been warranted in placing its value at a much greater sum. The jurors were the judges of the weight that should be given to the testimony and, there being ample evidence in the record to support the findings of value returned by the jury, we are without authority to disturb the

judgment. This assignment is, therefore, overruled.

Under the eighth proposition appellant complains of the action of the court in overruling his objection to the argument of counsel for appellee upon a special charge given to the jury at the request of appellant. In the main charge the court instructed the jury, in effect, that by the term "cash market value" was meant its value for any purpose for which it was used when condemned and also its value for any other purpose, if any, for which it was adapted. At the request of appellant the court instructed the jury that they may take into consideration the prospect, if any there was, on the 8th day of August, 1936, of the establishment and location of highway No. 207, together with any other factors then existing which contributed to the value of such land, if any. In the argument, appellee's counsel discussed these charges and told the jury, in effect, that under the charges they may take into consideration the fact that the land was being condemned as far back as August 1, 1936, the date upon which the county judge appointed the commissioners to appraise the property. From this he drew the conclusion that on August 8, 1936, the date mentioned in the charge, it was commonly known that the land was being condemned, the inference being that no prospective purchaser would be interested in the acquisition of land which was at the time under the process of condemnation. The language used in the argument consisted of a mere deduction drawn by counsel from the charge given to the jury at the request of appellant. It may be that the deduction was far-fetched and not the proper interpretation to be placed upon the charge given, but, even though the inferences drawn and the views expressed by counsel may not have been correct, yet as long as they can be considered as inferences or deductions, the language used in expressing them or the conclusions drawn do not so far exceed the limits of legitimate and permissible argument as to require a reversal of the case. Furthermore, we think the record warrants the conclusion that the jury was not influenced by the argument. Some of the witnesses expressed the opinion the value of the land did not exceed $200. The jury awarded appellant $487.50. Obviously, if the jury had fixed the market value of the land in view of the argument complained of, very little value, if any, would have been placed upon it. A prospective investor could have visualized no greater profit in a transaction involving its purchase at that time than would have constituted the difference between what he may be required to pay for it and a speculation as to the amount which a jury might ultimately determine it was worth. The remarks of counsel were not of an inflammatory nature, and a rather wide range is always allowed counsel in their arguments before juries so long as they confine themselves to deductions, discussions, explanations, or interpretations of the testimony and the charge of the court. The law requires that the charge be delivered to the jury and inferences and conclusions drawn by counsel as to its meaning and proper interpretation cannot reasonably be considered by the jury in any other light than the expression of the opinion of biased counsel in a controversy in which the interests of his client are involved. So long as counsel confine themselves to the record and to conduct which is not prejudicial or calculated to inflame the minds of the jurors, the right to draw inferences and conclusions is recognized, and in our opinion the argument complained of did not exceed those bounds. Welborn et ux. v. Earle et al., Tex.Civ.App., 268 S.W. 982; Pitts v. Wood et al., Tex. Civ.App., 125 S.W. 954; Winnsboro Cotton Oil Co. v. Carson, Tex.Civ.App., 185 S.W. 1002; Carter Publications v. Fleming, Tex.Civ.App., 79 S.W.2d 1105.

We have carefully examined all of the assignments of error and propositions presented by appellant and, believing no reversible error is shown by any of them, the judgment of the trial court will be affirmed.