**TEXAS & P. RY. CO. v. SPANN. (No. 1378.)**

(Court of Civil Appeals of Texas. Texarkana. Feb. 5, 1915. Rehearing Denied Feb. 18, 1915.)

1. WITNESSES ☞205 — CONFIDENTIAL COMMUNICATIONS—ATTORNEY AND CLIENT.

Where a claimant for damages for personal injuries against a railroad company employed an attorney to get a settlement from the railroad for him, he must have contemplated that the attorney would disclose to the railroad company the facts concerning the accident as stated by claimant, and the communication of such facts to the attorney was therefore not privileged as a confidential communication.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 754, 763; Dec. Dig. ☞205.]

2. WITNESSES ☞391—INCONSISTENT STATEMENTS — HEARSAY — IMPEACHMENT OF WITNESS.

Testimony as to statements made by a witness offered to impeach his testimony is not objectionable as hearsay.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 1248; Dec. Dig. ☞391.]

3. WITNESSES ☞392—IMPEACHMENT—INCONSISTENT STATEMENTS — STATEMENTS OF ATTORNEY.

A letter written by claimant's attorney to a railroad company asking for a settlement, in which he related facts in a manner different from claimant's testimony at the trial, is inadmissible to impeach claimant's testimony, since the statements were those of the attorney and not of the claimant.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 1249–1251, 1257; Dec. Dig. ☞392.]

4. EVIDENCE ☞213—DECLARATIONS OF PARTIES—OFFER TO COMPROMISE.

A request for settlement of a claim for damages for personal injuries, made before the railroad company had denied liability, or there had been any disagreement as to the amount of damages, is not an offer of compromise so as to render statements made therein inadmissible to impeach the testimony of the claimant.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 745–751, 753; Dec. Dig. ☞213.]

5. CARRIERS ☞361—EJECTION FROM TRAIN—LIABILITY.

One who paid a brakeman less than the passenger fare for the privilege of riding on a freight train cannot recover from the company for injuries resulting from being ejected by the brakeman while the train was in motion.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1409–1466, 1469, 1470, 1472–1476, 1478–1501; Dec. Dig. ☞361.]

6. APPEAL AND ERROR ☞1048—PREJUDICIAL ERROR—EXCLUSION OF EVIDENCE—IMPEACHING EVIDENCE.

Where plaintiff's testimony was the only evidence in the case showing that plaintiff was ejected from a moving train by the conductor, for whose act the railroad would be liable, not by the brakeman for whose act it would not be liable, error in excluding statements by plaintiff that it was the brakeman, and not the conductor, who ejected him, was prejudicial to defendant.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4140–4145, 4151, 4158–4160; Dec. Dig. ☞1048.]

Appeal from District Court, Harrison County; H. T. Lyttleton, Judge.

---

Action by Wesley Spann against the Texas & Pacific Railway Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

F. H. Prendergast, of Marshall, for appellant. Lane & Lane and M. B. Parchman, all of Marshall, for appellee.

WILLSON, C. J. Appellee boarded one of appellant's freight trains at Toyah, under an arrangement with a brakeman thereon whereby appellee paid said brakeman $1.50 to be carried to El Paso. In his petition appellee alleged that, when the train reached appellant's yards in El Paso, the conductor in charge thereof compelled him to jump off of same while it was moving rapidly, and that, in jumping, he so fell that one of the wheels of a car in the train ran over and mashed his left foot, necessitating the amputation of a part of it. This appeal is from a judgment in his favor, rendered in a suit brought by him against appellant to recover damages for the injury he suffered.

Appellee's own testimony as a witness was all that was offered in his behalf. He testified that he chose to travel on the freight instead of on a passenger train because the brakeman agreed he might ride on the freight train for a much less sum than he could ride on a passenger train. He further testified that, when the train reached appellant's El Paso yards, the conductor ordered him to get off of same, and, when he protested, because the train was moving too rapidly, cursed and struck him, and that he jumped off of same to save himself from being knocked off by the conductor. On his cross-examination he testified that he employed J. H. T. Bibb, a lawyer, "to get a settlement out of the railroad company for his injuries," and "explained to Bibb how his injuries were caused." To impeach appellee, appellant offered to prove by Bibb that appellee stated to him that it was the brakeman who compelled him to jump off of the train. In connection with the proposed testimony of Bibb, appellant offered as evidence a letter written to its claim agent by Bibb's law firm, in which they detailed the circumstances as they understood same of the accident, stating that the brakeman forced appellee to leave the train. The letter as set out in the bill of exceptions shows it was written to induce appellant to make an offer to pay appellee something as a settlement of his claim. A part of the letter was as follows:

"We are preparing to institute suit on this claim, and before doing so decided to write you in regard to the matter, and, if any reasonable settlement can be made, then we will gladly give it the proper consideration. However, we do not wish to delay to any great extent the filing of this suit, and of course do not wish to even consider any offer of settlement unless the same is a substantial offer which we could conscientiously discuss with our client. We will therefore appreciate hearing from you in regard to this matter at your very earliest convenience."

Appellee objected to the testimony offered on the grounds: (1) That what he said to Bibb was a confidential communication to his attorney as such and therefore privileged; (2) that it was hearsay; and (3) that it was an offer to compromise. The action of the trial court in sustaining the objection and excluding the testimony is the basis of the first assignment.

[1] Whether the statement asserted to have been made to Bibb by appellee, that the brakeman forced him to leave the train, was privileged or not, depended on whether it was made to be communicated to appellant or not. If appellee intended that Bibb should advise appellant as to the circumstances of the accident as he claimed same to be, then his statement to Bibb was not within the rule he invoked. Henderson v. Terry, 62 Tex. 281; Vittitow v. Burnett (Ark.) 165 S. W. 625; Railway Co. v. Brooking, 51 S. W. 537; 23 A. & E. Enc. Law, pp. 71, 75; 40 Cyc. 2375; Hyman v. Grant, 102 Tex. 50, 112 S. W. 1044. That he so intended is, we think, reasonably clear from his testimony. He employed Bibb, he said, "to get a settlement out of the railroad company." This, we think, should be construed as meaning that he employed Bibb to pursue the course he did pursue; that is, before instituting suit, to endeavor to induce appellant to pay him a sum he was willing to accept as a satisfaction of his claim. If he expected Bibb to pursue that course, then he must have contemplated that it would be necessary for Bibb to disclose to appellant the facts as he (appellee) claimed same to be with reference to the accident; for without such a disclosure he reasonably had no right to expect that appellant would agree to pay him anything in satisfaction of his claim.

[2] That the proposed testimony of the witness Bibb was hearsay was not a reason why it should have been excluded when offered for the purpose of impeaching appellee. Railway Co. v. Jackson, 93 Tex. 262, 54 S. W. 1023; Scott v. Bank, 99 Tex. 221, 89 S. W. 749.

[3, 4] As to the letter written by Bibb, we do not think it was admissible for the purpose of discrediting appellee. The statement in it that the brakeman forced appellee to leave the train was not a statement by appellee, but by Bibb. Virginia-Carolina Chemical Co. v. Knight, 106 Va. 674, 56 S. E. 727. But we think the statement should not have been excluded on the ground alone that it was "an offer to compromise," for we do not think it was such an offer. Here, as in Railway Co. v. Sullivan, 157 S. W. 193, it did not appear "that appellant had denied liability, or that there was any disagreement between the parties as to what sum would constitute adequate compensation." In the case cited, the court said:

"There can be no offer to compromise by a plaintiff unless he makes a concession and offers to reduce the amount of his claim."

In this case, as in that one, no such offer was made.

[5, 6] The proposed testimony of the witness Bibb having been, as we think, erroneously excluded, the question is: Should the error operate to reverse the judgment? We think it should, in view of the fact that if the brakeman forced appellee to leave the train he was not entitled to recover (Grahn v. Ry. Co., 100 Tex. 27, 93 S. W. 104, 5 L. R. A. [N. S.] 1025, 123 Am. St. Rep. 767), and the fact that the evidence offered to show that it was the conductor who compelled him to jump off of same consisted alone of appellee's testimony as a witness.

The other assignments in the brief are believed to be without merit, and are overruled.

The judgment will be reversed, and the cause will be remanded for a new trial.

---

⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes