George M. BUNKER, Appellant,

v.

Annielieze BUNKER, Appellee.

No. 13632.

Court of Civil Appeals of Texas.

San Antonio.

June 1, 1960.

Rehearing Denied June 22, 1960.

T. .P. Hull, San Antonio, for appellant.

Morrison, Dittmar, Dahlgren & Kaine, San Antonio, for appellee.

MURRAY, Chief Justice.

In 1947, a decree was entered in the District Court of Bexar County, granting a divorce to George M. Bunker from his wife, Annielieze Bunker, and, among other things, requiring the husband to pay to the wife the sum of $300 per month during her lifetime, with a condition which is unimportant here. Under this decree, George M. Bunker has made these payments until he has now paid over $43,000 to his former wife.

On October 22, 1959, George M. Bunker filed a motion in the original divorce suit, seeking to have the judgment modified so as to eliminate these monthly payments of $300. Annielieze Bunker, his former wife, filed her motion for a summary judgment, which was granted, and George M. Bunker has prosecuted this appeal.

Appellant presents but one point reading as follows:

"The error of the Court in granting defendant's motion for summary judgment, the facts showing that the order of the court requiring the plaintiff to pay to the defendant $300.00 per month for the remainder of her life being equivalent to permanent alimony; and providing that plaintiff take nothing of and against defendant by his motion to modify judgment."

Appellant contends that the original judgment was void in requiring him to pay to his former wife the sum of $300 per month so long as she might live, because such a provision grants permanent alimony which Art. 4637, Vernon's Ann.Civ.Stats., says in effect cannot be done.

Appellant relies primarily upon the case of McBride v. McBride, Tex.Civ.App., 256 S.W.2d 250, 253, to support his contention that the provision in the divorce decree requiring him to pay his former wife $300 per month was void. The decision in the McBride case is unquestionably a correct one. There the husband agreed to pay to his divorced wife one-third of his monthly

income, but not to exceed $200 per month, until she remarried, etc. The Austin Court of Civil Appeals, speaking through Justice Hughes, said:

"This latter provision, which we hold to be in the nature of permanent alimony, has no connection with, is not payable from and is not referable to any property which either spouse may have owned or claimed. Nor does it purport to be for the support, maintenance and education of the son. It is by its own unmistakable language an agreement to support and maintain a divorced wife from the future earnings of a divorced husband."

We find no fault with that decision. However, here we have quite a different situation. The judgment provides as follows:

"* * * the parties Plaintiff and Defendant have heretofore reached a property settlement agreement which appears fair and equitable to both parties, and the Court is of the opinion that same should be approved and ordered filed among the papers of this cause."

Referring to this property settlement agreement, we find that one of the chief assets owned by the parties as community property was the real and personal property used in connection with the business known as the "San Antonio Furniture Company" valued at $182,639.08, as a going concern, less current liabilities of $94,252.37. Among other things, the property settlement agreement provided as follows:

"Whereas, Defendant (wife) Annielieze Bunker, realizes she is not versed in the investment of funds and agrees in lieu of a cash settlement of her one-half (½) of all community property, that she receive the homestead and furnishings, certain other benefits, and a guarantee from George M. Bunker of his payment of house debt, as well as the installment payment of $300.00 per month as long as she may live, preferring not to injure the above said business by drawing out at one time her one-half of community interest in cash. * * *

"3. It is further agreed and stipulated that in addition to the property set aside to Annielieze Bunker, as aforesaid, the said George M. Bunker agrees, promises, obligates and binds himself to pay to the said Annielieze Bunker, or order, the sum of Three Hundred Dollars ($300.00) per month during the remainder of her natural life (except in contingency hereinafter stipulated) as and for her interest in the community property acquired by the parties hereto; said payments to begin on the first day of the calendar month next succeeding the date of divorce decree be entered in the aforesaid cause, and to continue until the date of the death of the said Annielieze Bunker (except in contingency hereinafter stipulated). * * *

"5. In order to better secure the said Annielieze Bunker in the payment of the aforesaid monthly installments as herein contracted, the said George M. Bunker, within ten (10) days hereof, agrees and binds himself to take out and deliver to her, an insurance policy or policies on his life * * *, in the amount of not less than $10,000.00, payable to the said Annielieze Bunker as her interest may appear under this contract; * * *. It is also expressly agreed and understood that in the event of the death of the said George M. Bunker, the obligation contracted herein shall be and constitute a claim against his estate; this provision being supplemental to the protection afforded by the insurance policy herein provided for."

These provisions of the judgment and the property settlement agreement bring this case clearly within the holding in the case of Wilmeth v. Wilmeth, Tex.Civ.App., 311 S.W.2d 292.

 

The installment payments to be made by appellant to appellee were plainly in lieu of a lump sum settlement of her one-half interest in the going business known as the "San Antonio Furniture Company." They were agreed to by the parties and approved by the court. These payments were readily referable to her interest in their going business, and under such circumstances they did not constitute permanent alimony, and the judgment allowing them was not void on its face.

The judgment is affirmed.