Preston E. McBEAN, Appellant,

v.

Agnes K. McBEAN, Appellee.

No. 4176.

Court of Civil Appeals of Texas.

Waco.

Oct. 24, 1963.

Greenwood & Russell, Harlingen, for appellant.

Carter, Stiernberg, Skaggs & Koppel, Harlingen, for appellee.

McDONALD, Chief Justice.

This is a summary judgment case. Preston E. McBean, Appellant, and Agnes McBean, Appellee, were divorced by judgment rendered in the court below on *October 24, 1954*. Such judgment: 1) granted Agnes McBean divorce from Preston E. McBean; 2) awarded Agnes McBean custody of a 17 year old daughter; 3) confirmed a marriage settlement agreement signed by the parties and filed in the cause; and decreed property adjudication in accord with its terms, as follows: a) Homestead of the parties to Agnes McBean; b) Required Preston E. McBean to pay child support for the minor child for 1 year; c) Required Preston E. McBean to pay as a part of "their marriage settlement agreement the sum of $100. per month" (beginning 1 October, 1955), to Agnes McBean as long as she shall live and not remarry; d) Required Preston E. McBean to pay premiums on certain life insurance policies and leave Agnes McBean as beneficiary until she should remarry; e) "Ordered in accordance with said marriage settlement agreement that all other property of every kind, whether belonging to the community or standing in the name of Preston E. McBean * * * be and the same is set apart to Preston E. McBean, as his part of their community property."

On *December 6, 1962* Preston E. McBean filed a motion in the court below, in the divorce cause, seeking modification of the divorce judgment to delete the requirements that he pay to his former wife the $100. per month; and that he keep the insurance premiums on policies payable to her, paid. Appellant contended in such motion that such provisions are void as against public policy because they constitute permanent alimony. Appellee filed a general denial to such motion.

Thereafter, appellee, on February 6, 1963, filed motion for summary judgment denying appellant's motion to modify the divorce judgment; and on February 14, 1963, appellant filed his motion for summary judgment modifying the divorce decree. Both motions assert that there is no genuine issue as to any material fact in the case. Appellant filed affidavit to the effect that appellee received all of the appellant's and appellee's community property having any value, in the divorce decree. Appellee filed affidavit setting forth that appellant received 65 acres of land purchased by the community in February, 1953. Appellant filed an affidavit answering appellee's affidavit, in which he admitted receiving the 65 acres of land purchased in February, 1953, but stated there was more owed on the property than it was worth; and that such property never appreciated in value; and that he sold it at a loss in March, 1958; and that no community funds were ever used in payment of the purchase price of the property.

The trial court rendered summary judgment granting appellee Agnes McBean's motion, and denying appellant Preston McBean's motion to modify the original divorce judgment.

Appellant appeals, contending:

1) That the 1954 divorce judgment requiring him to pay appellee $100. per month for her life unless she remarry, and to pay the insurance premiums, is void as a matter of law.

**932**

2) That the pleadings, affidavits and evidence before the court do not show there is no genuine issue as to a material fact.

■ We revert to contention 2 above. Both parties moved for summary judgment, and both parties asserted in their motion that there was no genuine issue as to a material fact. In such situation summary judgment is the proper method of disposing of the case, the matter in controversy becoming one for the court to decide as a matter of law. Carrothers v. Stanolind Oil & Gas Co., D.C., 134 F.Supp. 191; York v. McBee, C.C.A. (n. r. e.), Tex.Civ.App., 308 S.W.2d 951.

Appellant's 1st contention is that the 1954 judgment requiring him to pay appellee $100. per month for life unless she remarry, and to pay the life insurance premiums is void as a matter of law. Appellant asserts that same is in the nature of permanent alimony and is not related to the settlement of any property rights. Appellant cites in support of his contentions McBride v. McBride, C.C.A. (n. w. h.) Tex.Civ.App., 256 S.W.2d 250; and McElreath v. McElreath, 162 Tex. 190, 345 S.W.2d 722, 727.

■ The McBride case holds that the award of permanent alimony is against public policy in Texas, and is void; and likewise that contracts which are against public policy are void and will not be carried into effect by our courts. Such case recognizes, however, that payments, decreed after divorce, from one party to the other, if, "referable to any property which either spouse may have owned or claimed", presents a different situation, and is valid and enforceable.

■ In the instant case appellee received the homestead, and the $100. per month (and right to insurance premium payments); and appellant received "all of the other property of every kind", such including 65 acres purchased during the marriage, and which was community property. See Broussard v. Tian, 156 Tex. 371, 295 S.W.2d 405.

We think that the $100. per month payment required from appellant to appellee was a benefit which appellee received, referable to, or offset to the benefits which appellant received (and which included the 65 acres of land). In such situation, the judgment requiring the $100. per month payment (and the insurance premium payments), does not constitute "permanent alimony", and is valid and enforceable. Wilson v. Woolf, C.C.A. (n. r. e.) Tex.Civ. App., 274 S.W.2d 154; Wilmeth v. Wilmeth, C.C.A. (Er.Dis.) Tex.Civ.App., 311 S. W.2d 292; Bunker v. Bunker, C.C.A. (n. w. h.) Tex.Civ.App., 336 S.W.2d 751.

Appellant's contentions are overruled and the judgment of the Trial Court is affirmed.