**G. C. GREGORY, Appellant,**

v.

**Wanda Jean GREGORY, Appellee.**

**No. 14832.**

Court of Civil Appeals of Texas.

Houston.

June 9, 1966.

Rehearing Denied July 7, 1966.

Harry W. Patterson, Bob Casey, Jr., and Ronald C. Kline, Houston, Bracewell & Patterson, Houston, of counsel, for appellant.

Wade & Howard, Virgil Howard, Corpus Christi, for appellee.

COLEMAN, Justice.

This is an appeal from the judgment of the 61st District Court granting appellee recovery on a promissory note executed by appellant as part of a property settlement agreement. This agreement was approved by the District Court of Nueces County, Texas, and was incorporated into the judgment of that court in Cause No. 59455-A, which granted appellee a divorce. It is the

contention of appellant that the note was alimony and, therefore, unenforceable.

The evidence in this case consists of the judgment rendered by the District Court of Nueces County, the property settlement agreement, the note, and testimony showing that the note was past due, that demand for payment had been made, and that appellant had refused to pay the note. Appellant admitted execution of the note and property settlement agreement. The note recites that it was executed in accordance with the contract of property settlement entered into between the parties in Cause No. 59455-A in the District Court of Nueces County, Texas. It recites that it is given as payment for a portion of the community estate of the parties and is tendered to Wanda Jean Gregory in satisfaction of her claims to the community estate of such parties.

The property settlement agreement recites that during the marriage of appellant and appellee, appellee has worked and contributed to the support of the family and that as a result of her activities appellant has substantially completed the requirements for a degree in dentistry. It then recites that it is agreed between the parties that the education and degree in dentistry constitute a community asset of the parties and further agreed that its value is at least the sum of $20,000.00.

The agreement then recites that the parties possess certain household goods, funds in checking accounts, and own a 1950 model Dodge and a 1951 model Chrysler. It provides that the 1950 Dodge shall be the property of appellee and the Chrysler the property of appellant. The agreement then reads:

"Instead of attempting an exact apportionment of the unspecified community assets, it is agreed by and between Plaintiff and Defendant that Plaintiff's share of the community estate (in addition to the two automobiles hereinabove described) is the sum of Eleven Thousand Dollars ($11,000.-00). Defendant has agreed that he would furnish Plaintiff a note in such amount, same to be payable in installments in accordance with expected increase in his professional income, and has simultaneously herewith executed the original of that certain promissory note, a copy of which is attached hereto and made a part hereof as Exhibit 'A'. It is expressly agreed that such note constitutes and forever shall be considered to be the sole and separate property of plaintiff and constitutes her portion of the net community estate of plaintiff and defendant, * * *."

Appellant agreed to pay certain specified indebtednesses of the parties amounting to the sum of $9,341.82, and to hold appellee harmless from any and all liability arising from same.

The judgment in Cause No. 59455-A refers to the fact that a property settlement agreement was entered into by the parties and had been examined by the court, who was of the opinion that it was fair to all parties. The court decreed that the property be apportioned in the manner prescribed in the contract filed in the records of the cause and that the plaintiff have and hold as her separate property the note in the amount of $11,000.00 described in the contract, that defendant assume the indebtedness set forth in the contract, and that all other property of the community be apportioned in the manner specified in such agreement. The judgment was rendered on the 20th day of October, 1956, and no appeal was taken, nor has the judgment been attacked by bill of review.

The note was dated September 10, 1956, and was payable in installments. The first payment, $1,000.00, was due September 1, 1961, and all of the remaining installments in the amount of $2,500.00, $4,000.00, and $3,500.00, are now due. Interest and attorney's fees were provided in the event the installments were not paid at maturity.

Appellant presents two points of error: (1) that portion of the judgment in Cause 59455-A was void because there was no jurisdiction of the subject matter; and

(2) the court should have held as a matter of law that the note was alimony.

While other interesting questions arise on this record, we will confine our discussion to these points. Appellant argues that the property settlement agreement reflects that the Corpus Christi court attempted by his decree to divide the agreed value of appellant's dental training which was not property and that the court, therefore, lacked jurisdiction of the subject matter, rendering that portion of the decree void.

The subject matter over which the court had jurisdiction and which was properly invoked in Cause No. 59455-A was the status of the parties and the community property of the parties. The court had jurisdiction to divide the community property of the parties in a manner fair and equitable to each. If he improperly considered the agreed valuation of appellant's dental training, he was in error. There was community property and it was divided. Judicial error of this nature cannot be reached on a collateral attack.

The trial court did not err in refusing to hold as a matter of law that the note constituted alimony. The property settlement agreement and the recitations in the note establish that it was in fact given in consummation of a property settlement agreement and that in return appellant received certain community property of unspecified value. While we might suspect that the amount of the note was greater than the value of the property received by appellant, this is not a fact established by evidence. The record does not establish conclusively that the note constitutes alimony.

Where the property settlement provisions of a divorce decree require one party to make payments to the other party after the divorce, such payments are not construed to be in the nature of permanent alimony if they are referable to any property which either spouse may have owned or claimed. McBean v. McBean, Tex.Civ. App.1963, 371 S.W.2d 930; Wilmeth v. Wilmeth, Tex.Civ.App.1958, 311 S.W.2d 292; McBride v. McBride, Tex.Civ.App. 1953, 256 S.W.2d 250.

The judgment of the trial court is affirmed.