**Bahiyyih CORNELL, Petitioner,**

v.

**John B. CORNELL, Respondent.**

**No. A–11527.**

Supreme Court of Texas.

March 15, 1967.

Rehearing Denied April 26, 1967.

Jack T. Niland, El Paso, for petitioner.

Talley, Gade & Schwarzbach, Thor G. Gade, El Paso, for respondent.

SMITH, Justice.

Respondent and petitioner were formerly husband and wife. Their marriage was dissolved by a judgment of a district court of El Paso County, Texas, entered on December 20, 1955. The court also approved a property settlement agreement entered into by the parties.

The property settlement agreement was executed by respondent and petitioner on the date of the divorce decree. While the agreement dealt with several matters, we are concerned only with the provisions wherein the respondent agreed to pay to the petitioner "the following sums: (a) the sum of $150.00 per month for the first six months from the date of the entry of the divorce decree; (b) the sum of $100.00 per month for the second six months from the date of said decree, and; (c) the sum of $75.00 per month thereafter until defendant shall have remarried or be eligible for social security benefits." The 1955 judgment contains a finding "that the parties herein have entered into a property settlement agreement which is filed with the papers herein, and * * * is approved in all respects insofar as this court has jurisdiction and power to so approve."

On August 7, 1964, this suit for declaratory judgment was filed by respondent in the district court of El Paso County, Texas. In this suit for declaratory judgment, he sought a construction of the above quoted provisions of the property settlement agreement, and specifically, he sought a declaration by the court as to whether or not such property settlement agreement was a contract to pay alimony to the petitioner. He prayed that the court declare and that he have judgment establishing that the property settlement agreement between respondent and petitioner is a "contract to pay alimony, and that such contract is contrary to public policy of the State of Texas and is void and unenforceable."

The petitioner answered by general denial and by trial amendment. The trial amendment, in addition to the plea of a general denial, contained a plea of res judicata. Petitioner specially pleaded that her plea of res judicata be sustained on the ground that the issues involved herein were tried between the same parties to this litigation in

a cause of action filed in the municipal court of the Monterey-Carmel Judicial District, of Monterey County, California, while respondent and petitioner were legal residents of that state; that the judgment entered in the California court *holding that the property settlement agreement was not a contract for the payment of alimony* was upheld by judgment of the Superior Court of California, an appellate court of that state.

On May 12, 1965, the district court of El Paso County, Texas, without a jury, entered its judgment in this declaratory judgment suit. The judgment recites that the trial court overruled the petitioner's plea of res judicata and entered judgment declaring that the property settlement agreement was "a contract for the plaintiff, John B. Cornell, to pay alimony or support to the defendant, Bahiyyih Cornell, after divorce, and that as such the same is against the public policy of the State of Texas, is void and unenforceable, and that no action lies within the State of Texas to enforce said payments." On appeal, the Court of Civil Appeals, sustained the action of the trial court in overruling petitioner's plea of res judicata and affirmed the judgment of the trial court. 402 S.W.2d 571. The petitioner, as appellant in the Court of Civil Appeals, attacked the judgment of the trial court through a single point of error which was to the effect that the trial court erred in failing to hold that the California judgment was res judicata of all matters involved in the present case. The application for writ of error presents the same question to this Court for determination.

 We reverse the judgment of the courts below for the reasons now to be stated. It is our opinion that the California judgment is res judicata of the basic question of whether or not the provisions of the property settlement agreement under consideration is a contract for the respondent to pay alimony. The California court has held that it was not alimony. Furthermore, this Court in the case of Francis v. Francis,

412 S.W.2d 29 (Tex.Sup.Ct.1967), a case which involved a similar property settlement contract, held that the contractual obligation there involved was not an obligation to pay alimony and not void as being in violation of the public policy of this state. The rule announced in Francis v. Francis, supra, is controlling here. The *Francis* Case excludes "the idea that a mere contractual obligation of a husband to make periodic or lump sum payments for the support and maintenance of his wife is a provision for alimony."

The judgments of the trial court and the Court of Civil Appeals are reversed and judgment is here rendered that the contractual obligation of respondent to pay monthly sums to petitioner is not alimony and is not for that reason void.