**Pete GENT, Appellant,**

**v.**

**Elynne Jane GMENIER, Appellee.**

**No. 4761.**

Court of Civil Appeals of Texas.

Waco.

Oct. 31, 1968.

Horace G. Goodrich, Dallas, for appellant.

Brady, Drake & Wilson, Don T. Cates, John B. Atwood, III, Dallas, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendant from summary judgment for plaintiff for $3,500. balance due on a $4,000. note executed by defendant.

Plaintiff and defendant were formerly wife and husband; and were granted a divorce on August 25, 1967 in Domestic Relations Court No. 2 of Dallas County. On August 22, 1967, prior to the entry of divorce decree, defendant executed a note for $4,000., payable to plaintiff in 2 monthly installments of $500., and 12 monthly installments of $250. Thereafter on August 25, 1967 the judgment of divorce provided that Lynne Gent (plaintiff herein) take:

"$5,000. in cash as her share of the community assets of the parties, and G. D. P. Gent (defendant herein) is ordered to

294

pay this $5,000." $1,000. at time of entry of this decree, $500. on October 15, 1967, $500. on November 15, 1967, and $250. per month on December 15, 1967 and each month thereafter through November 15, 1968, "which payments are secured by a note executed by (G. D. P. Gent) in the principal amount of $4,000. * * * payable to (plaintiff herein)."

Such payment of divorce further decreed that G. D. P. Gent take personal property in his possession, savings accounts, checking accounts, insurance assets or retirement benefits, and all contract rights and privileges with the Dallas Cowboys Football Club, Inc., as his separate property.

The judgment was "Approved" and signed by both plaintiff and defendant herein.

Defendant paid the $1,000. ordered by the judgment at the time of entry of such judgment, and paid the $500. due on the $4,000. note on October 15, 1967, but refused to make further payment on such note.

Plaintiff sued defendant for the $3,500. due on such note (plus interest and attorneys' fees). Defendant answered that the note is "void and contrary to public policy of this State for the reason same constitutes an order of the court to pay alimony to the divorced wife after final order of divorce."

Plaintiff moved for summary judgment. Admissions on file reflect that defendant executed the note, but contends he does not owe the balance because "the note and its requirements are void and contrary to public policy of this State as it constitutes a requirement to pay almony."

The trial court granted plaintiff's motion for summary judgment for the balance of $3500. due on the note (plus interest and attorneys' fees).

Defendant appeals on 4 points, contending:

The trial court erred in entering summary judgment for plaintiff, because the cause of action was based on a direct order of the court to make payments to the divorced wife of defendant, which constituted the payment of alimony, in violation of the public policy of this State, and for such reason the note is void.

The record reflects defendant executed the note on August 22, 1967; and the trial court entered judgment of divorce on August 25, 1967, awarding plaintiff $5,000. in cash *as her share of the community assets*, $1,000. of which was ordered paid at the time of entry of judgment, and the balance to be paid monthly "which payments are secured by a note executed by (defendant) in the principal sum of $4,000." Both plaintiff and defendant "Approved" the judgment and affixed thereto to their signatures.

■ Alimony which contravenes public policy of Texas is payment *imposed by court order* on husband as a personal obligation for support and sustenance of the wife after final decree of divorce. Obligations *assumed* by the husband to make support payments to the wife after the divorce is granted are not construed as alimony. Here the execution of the note prior to the entry of the judgment, and the approval of the parties to the provisions of the judgment, constitute an agreement or obligation assumed by the husband, which does not violate public policy and does not constitute alimony. Francis v. Francis, Tex. Sup., 412 S.W.2d 29; Cornell v. Cornell, Tex.Sup., 413 S.W.2d 385.

Moreover, the $5,000. (which included the $4,000. note) decreed to plaintiff was *as her share of the community assets of the parties.* The defendant received other properties.

■ And when payments decreed after divorce from one party to the other, are "referable to any property which either spouse may have owned or claimed", as

here, the same is valid and enforceable, and does not constitute permanent alimony. McBean v. McBean, Tex.Civ.App., (n. w. h.) 371 S.W.2d 930; Gregory v. Gregory, Tex.Civ.App. (n. r. e.) 404 S.W.2d 657.

Further, to hold the note "void" would involve declaring the judgment of divorce entered August 25, 1967 "void." Such judgment is valid on its face, and cannot be set aside by collateral attack, as here.

The judgment is correct. All defendant's points and contentions are overruled.

Affirmed.