**Marshall Eugene BROWN, Appellant,**

v.

**Claudene BROWN, Appellee.**

**No. 4308.**

Court of Civil Appeals of Texas.

Eastland.

May 30, 1969.

Rehearing Denied June 20, 1969.

Hugh O. Mussina, Dallas, for appellant.

James, Ingram & Glenn, Tom C. Ingram, Jr., Dallas, for appellee.

GRISSOM, Chief Justice.

Appealed from the 160th District Court of Dallas County.

Claudene Brown sued her former husband, Marshall Eugene Brown, on a contract to pay her $200.00 per month until 1976. She alleged the contract was made as a property settlement in a divorce proceeding and defendant had not made the agreed payments. Mrs. Brown filed a motion for summary judgment alleging there was no issue of material fact. She attached an affidavit and a copy of said contract. She alleged the agreement had been ratified and approved by the divorce judgment. The agreement recites that, in expectation that a final judgment of divorce would be rendered in said case, desiring to effect a fair division of all property and property rights of the parties, they had agreed that after the divorce the husband would pay his wife $200.00 per month until 1976. It recited that it was made subject to the approval of the divorce court. Marshall Eugene Brown defended on the ground it was a contract to pay alimony after divorce contrary to public policy and therefore unenforceable.

The court sustained Mrs. Brown's motion and rendered judgment in her favor for the unpaid monthly payments. Mr. Brown has appealed.

Appellant's point is that the court erred in sustaining Mrs. Brown's motion and rendering said judgment because the agreement provided for support of his wife after divorce and was made in contemplation of divorce; that the consideration therefor was the agreement of Mrs. Brown to obtain a divorce; that the agreement was against public policy and unenforceable because it was an agreement to pay alimony after divorce contrary to

public policy, citing Shear Company v. Harrington, Tex.Civ.App., 266 S.W. 554 and Graham v. Graham, Tex.Civ.App., 331 S.W.2d 499 (Ref.n. r. e.)

In Francis v. Francis, Tex., 412 S.W.2d 29, 33, it was held that a contract to make payments for support of a wife after divorce is not a contract for alimony and not in violation of the public policy of Texas. The Supreme Court said, at page 33,

"* * * obligations assumed by the husband in separation agreements or contracts to make payments for the support of the wife after a divorce decree becomes final, are not obligations to pay alimony and do not violate the public policy of this State."

This holding was repeated in Cornell v. Cornell, (Sup.Ct.), 413 S.W.2d 385, 387. See also Gent v. Gmenier, 435 S.W.2d 293. These decisions completely answer appellant's contentions that the agreement sued on was a contract to pay alimony after divorce in contravention of the public policy of Texas. Appellant's point is overruled. The judgment is affirmed.