Charles Corless SMITH, Appellant,

v.

Laura Shirley Volckmar SMITH, Appellee.

No. 17509.

Court of Civil Appeals of Texas, Dallas.

Oct. 30, 1970.

Rehearing Denied Nov. 20, 1970.

Harold B. Stone, Kelsoe, Stone & Paternostro, Dallas, for appellant.

Durant F. Clements, Clements, Kraus & Fiedler, Richardson, for appellee.

DIXON, Chief Justice.

This suit was brought by appellee Mrs. Laura Shirley Volckmar Smith against her former husband appellant Charles Corless Smith seeking a money judgment for payments alleged to be due and unpaid pursuant to a court-approved written property settlement agreement entered into by the parties in connection with their divorce in 1962.

The agreement is more than nine pages long and goes into considerable detail as to child support for the four children of the parties and also as to the settlement of their property rights. By the terms of paragraph eight of the contract appellant agrees as part of their property settlement to pay to Mrs. Smith the sum of $300 per month for life or until she remarries, said sum payable $150 on the 5th and $150 on the 20th of each month. Appellee in her petition alleges that appellant has failed to keep up these payments of $300 per month, to an amount totaling $19,650 for which he is liable and for which sum she seeks judgment.

Two special issues were submitted to a jury inquiring in substance whether the jury found from a preponderance of the evidence that (1) Mrs. Smith had waived her rights to the $300 per month sued for and (2) the parties had reached an accord and satisfaction with reference to said payments. To both special issues the jury answered "No".

The court thereafter rendered a judgment on the verdict in favor of appellee Mrs. Smith in the sum of $19,490.81 principal.

Appellant has briefed five points on appeal. He asserts that the trial court erred in (1) admitting into evidence two letters from appellant to appellee which were in the nature of compromise offers, therefore not admissible; (2) sustaining appellee's motion *in limine* precluding appellant from showing the value of appellant's retirement benefits at the time of the divorce in the property settlement; (3) (a) refusing to submit appellant's requested special issues regarding release and (b) excluding parts of the testimony in support of the release; (4) in granting judgment for appellee because the divorce judgment requires that appellee be willing to release her rights in appellant's retirement fund in order to impose the obligation upon appellant to pay the $300 per month, and there is no finding that she was willing or had been willing to release her rights in said retirement fund; and (5) failing to sustain appellant's motion for instructed verdict for the reason that the claim asserted by appellee is for permanent alimony which is in violation of the laws of the State of Texas, therefore void.

We have carefully considered all of appellant's points and have concluded that they should all be overruled and the judgment in favor of appellee should be sustained.

It is true of course that evidence of an attempt to compromise a disputed claim is not admissible in evidence. But for the rule to be applicable there must be a dispute as to the validity or amount of the claim in controversy. If the effect of the proposal is to recognize the liability of the person making the proposal and merely to seek to buy or secure relief from it, the proposal is not an offer to compromise and the statement of the party seeking relief is admissible as an admission against interest. Sanford v. John Finnigan Co., 169 S.W. 624 (Tex.Civ.App., San Antonio 1914, writ ref'd); T. & P. Ry. Co. v. Spann, 173 S.W. 600 (Tex.Civ.App., Texarkana 1915, writ ref'd); Lloyds America v. Poe, 69 S.W.2d 160 (Tex.Civ.App., El Paso 1934, writ dism'd); City of Santa Anna v. Leach, 173 S.W.2d 193 (Tex.Civ.App., Eastland 1943, writ ref'd w. o. m.); Sawyer v. Willis, 310 S.W.2d 398 (Tex.Civ.App., San

Antonio 1958, no writ); 24 Tex.Jur.2d 197; 31A C.J.S. Evidence § 285, pp. 729–731, Note 39 and numerous cases there cited.

 In the case now before us the two letters written by appellant are not offers of compromise within the rule. We quote from appellant's letter of January 25, 1968:

"Our divorce agreement also has a section about a $300.00 a month payment to you. Will you consider releasing me from that obligation in exchange for some legal compensation that can be fulfilled?"

We quote also from his letter of March 2, 1968:

"It has been some time now since I have suggested that you sell me your right to make monetary demands on me in a court of law.

I'm sure that this weapon is of great emotional value to you but it is quite possible that in the practical and real aspects of life you would be better off to sell it soon."

Since the two letters are not really offers to compromise a disputed claim it was not error to admit them into evidence. Appellant's first point of error is overruled.

We see no merit in appellant's second and fourth points of error. Paragraph 1g of the written agreement is as follows:

"1. The parties recognize that the community property owned and held by them as of this time consists of the following:

\* \* \* \* \* \*

g. Retirement fund of Defendant with his employer, Braniff Airways, Inc., having an approximate value of $5,112.00, or more."

Paragraph 2 of the agreement is as follows:

"2. With respect to the division of the community property referred to above,
Plaintiff and Defendant have agreed and do hereby agree as follows:

\* \* \* \* \* \*

f. Defendant shall own and hold as his separate property, \* \* \* the retirement fund of Defendant with his employer, Braniff Airways, Inc."

We quote from the final judgment in the divorce suit, dated October 29, 1962:

"it further appearing to the Court that the parties herein have heretofore entered into a Community Property Settlement \* \* \* which was heretofore filed herein, and the Court finds that said Property Settlement \* \* \* is fair, just and equitable, and should be approved in all things, which said Agreement is hereby incorporated herein by reference, and made a part of this Judgment for all purposes as though set forth herein in full; \* \* \*.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that the above mentioned Property Settlement \* \* \* which was made a part of this Judgment by reference as if set out herein in full, which the parties hereto have heretofore executed and caused to be filed herein, settling all property questions between them be, and the same is hereby in all things approved and made an Order of this Court; the property therein set aside as the separate property of the Plaintiff and as the separate property of the Defendant is here and now decreed so to be."

 We think that the value of the retirement fund was adjudicated in the divorce case and its value is immaterial to any issue in this case. Furthermore the divorce judgment expressly decreed that the retirement fund should thenceforth be separate property of appellant. It was not necessary for appellee thereafter to indicate her willingness "to release her rights in the retirement fund." Gent v. Gmenier,

435 S.W.2d 293, syl. 4 (Tex.Civ.App., Waco 1968, no writ). Appellant's second and fourth points are overruled.

■ We find no evidence in the record before us of a release by appellee of appellant's obligation to make the $300 payments each month. It was not error to refuse to submit a special issue regarding release. Appellee firmly denied that she ever said or did anything by way of releasing appellant from his obligation. Appellant in his testimony and in his bill of exceptions merely makes statements in the form of conclusions. He testified as to an "understanding" but he did not testify as to any specific factual evidence or statements or acts by appellee which would constitute a release. We quote from the testimony of appellant himself:

"Q. Let me ask you this. Did Mrs. Smith talk to you at any time having to do with your not being responsible for or having to make these payments?

A. No."

Appellant's third point is overruled.

■ The contractual obligation of appellant to pay appellee the sum of $300 per month as part of their property settlement does not constitute permanent alimony and was not void as being in violation of the public policy of Texas. Francis v. Francis, 412 S.W.2d 29 (Tex.Sup.1967); Cornell v. Cornell, 413 S.W.2d 385, 387 (Tex.Sup. 1967); Brown v. Brown, 442 S.W.2d 461 (Tex.Civ.App., Eastland 1969, writ dism'd); Gent v. Gmenier, 435 S.W.2d 293 (Tex.Civ. App., Waco 1968, no writ).

In *Francis* the court disapproved of the contrary holding in a line of cases beginning with McBride v. McBride, 256 S.W.2d 250 (Tex.Civ.App., Austin 1953, no writ). Appellant's fifth point is overruled.

The judgment of the trial court is affirmed.