**Ralph E. MILLER, Appellant,**

v.

**Estelle D. MILLER, Appellee.**

**No. 530.**

Court of Civil Appeals of Texas, Tyler.

Jan. 28, 1971.

Rehearing Denied Feb. 25, 1971.

James N. Parsons, III, Palestine, for appellant.

B. R. Reeves, Palestine, for appellee.

McKAY, Justice.

This suit was brought by appellee Mrs. Estelle D. Miller against her former husband, appellant Ralph E. Miller, seeking a money judgment for payments alleged to be due and unpaid pursuant to a court-approved written Property Settlement Agreement entered into by the parties in connection with their divorce in 1965. The trial court granted appellee's motion for summa-

ry judgment and appellant brings this appeal on several points.

Paragraph IV of the Property Settlement Agreement was as follows:

"The Defendant agrees to pay to the Plaintiff the sum of $500.00 per month so long as Plaintiff remains unmarried, but in the event of marriage of Plaintiff, the obligations of Defendant stated · in this paragraph terminate and shall not be revived under any circumstances. It is understood and recognized that the Plaintiff will pay the Federal Income Taxes liable on the payment provided in this paragraph and that said payment is considered a deductible item on part of the Defendant."

The divorce was granted on May 5, 1965, and the judgment provided:

"It further appearing to the Court that the Plaintiff and Defendant have entered into a property settlement agreement dated the 1st day of March, 1965, and a supplemental agreement dated the 21st day of April, 1965, whereby a division of the community property is made and it appearing that agreement is fair and equitable to both parties and IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court that said agreements referred to *and* (are) approved by the Court and attached hereto as Exhibit A and Exhibit B and incorporated herein for all purposes as though fully copied into this judgment."

By point one (A), (B), and (C), appellant contends the trial court erred in not holding that paragraph IV of the Property Settlement Agreement constitutes a provision for permanent alimony and is against the public policy of Texas and is void and unenforceable. He maintains that the Property Settlement Agreement was incorporated in the judgment "for all purposes as though fully copied into this Judgment," and therefore by order of the Court a personal obligation was imposed on the husband for support and sustenance of the wife after a final decree of divorce and such constitutes permanent alimony. Appellant also says the payments set out in paragraph IV of the agreement as a matter of law are not referable to any property which either party owned or claimed and, as such, constitute a provision for permanent alimony.

Both appellant and appellee agree that the question of whether the payment in the instant case is alimony is controlled by the case of Francis v. Francis, 412 S.W.2d 29 (Tex.Sup., 1967). While the fact situation in *Francis* is different from that here, the Court there, after discussing many cases, defines alimony thusly:

" * * * When its true meaning is distilled from the statutes and the court decisions of this State, alimony which contravenes the public policy of the State is only those payments imposed by a court order or decree on the husband as a personal obligation for support and sustenance of the wife after a final decree of divorce."

This suit is on the contract entered into by the Property Settlement Agreement. It was an obligation voluntarily assumed by the husband to make payments to the wife after the divorce was final. The alimony question usually arises in contempt proceedings against the husband based on his failure to make payments as directed in a prior divorce decree. The Court in *Francis* considered the question of voluntary contracts providing for the husband to pay certain monies after the divorce:

"From what has been said, it follows that obligations assumed by the husband in separation agreements or contracts to make payments for the support of the wife after a divorce decree becomes final, are not obligations to pay alimony and do not violate the public policy of this State. The contractual obligation of respondent to pay to petitioner the remaining $7,500 of his $15,000 obligation and his promissory note evidencing his obligation are, therefore, not void as

being in violation of the public policy of this State. * * * "

The judgment in the *Francis* case found the Property Settlement Agreement to be fair and reasonable and just, and " ' * * * the Court hereby ORDERS it APPROVED and filed herewith.' " Even though the language in the instant case: "attached hereto as Exhibit A and Exhibit B and incorporated herein for all purposes as though fully copied into this Judgment," seems to be more than mere approval of the Property Settlement Agreement, the following language from the *Francis* case is significant:

"* * * While Art. 4638 directs courts granting divorces to 'order a division of the estate of the parties in such a way as the court shall deem just and right,' it is not the purpose of the statute to proscribe amicable division and settlement by the parties. And if as a part of their settlement the parties agree that the husband will make support payments to the wife after a divorce is granted, approval of the agreement by the court should not be held to invalidate it as alimony. Amicable settlement by the parties of their property rights should be encouraged, not discouraged. The Agreement will then have whatever legal force the law of contracts will give to it. See Ex Parte Jones, 163 Tex. 513, 358 S.W. 2d 370 (1962)."

The recent case of Smith v. Smith, 460 S.W.2d 204, delivered October 30, 1970, by Chief Justice Dixon of the Dallas Court of Civil Appeals, had almost the identical question as we have here. We quote from the opinion:

"The contractual obligation of appellant to pay appellee the sum of $300 per month as part of their property settlement does not constitute permanent alimony and was not void as being in violation of the public policy of Texas. Francis v. Francis, 412 S.W.2d 29 (Tex. Sup., 1967) ; Cornell v. Cornell, 413 S. W.2d 385, 387 (Tex.Sup., 1967) ; Brown

v. Brown, 442 S.W.2d 461 (Tex.Civ. App., Eastland, 1969, writ dism'd) ; Gent v. Gmenier, 435 S.W.2d 293 (Tex.Civ. App., Waco 1968, no writ)."

We hold that the contractual obligation of appellant to pay appellee the sum of $500 per month as part of their property settlement does not constitute permanent alimony and was not void as being in violation of the public policy of Texas. Francis v. Francis, supra; Cornell v. Cornell, 413 S.W.2d 385 (Tex.Sup., 1967) ; Smith v. Smith, 460 S.W.2d 204 (Tex.Civ. App., Dallas, 1970) ; Brown v. Brown, 442 S.W.2d 461 (Tex.Civ.App., Eastland, 1969, writ dism.) ; Gent v. Gmenier, 435 S.W.2d 293 (Tex.Civ.App., Waco, 1968, n. w. h.). Appellant's point one (A) is overruled. Point one (B) will be discussed with other points.

We are of the opinion that there are no material issues of fact in the case; therefore, points one (C), three, five, seven, and nine are overruled. It should be noted that appellant also filed his motion for summary judgment claiming there were no material fact issues.

Appellant, in his well-prepared brief, contends by his point one (B) that the payments imposed by paragraph IV of the Property Settlement Agreement are not referable to any property which either the Appellee or Appellant may have owned or claimed and, as such, constitute a provision for permanent alimony; by point two that there was a want or failure of consideration; and by point six that if there is consideration as to paragraph IV, it is so grossly inadequate that enforcement would place an unconscionable burden on appellant. Point eight maintains enforcement of paragraph IV would unjustly enrich appellee to the detriment of appellant. These points will be discussed together.

The record shows that the Property Settlement Agreement listed all the property of both appellee and appellant (all community) and divided same equally between

the parties. We are not able to conclude, however, that paragraph IV providing for appellant to pay appellee $500 per month until she remarries necessarily must refer to property owned or claimed by either party, nor do we believe there is a want or failure of consideration or that the consideration is so grossly inadequate that enforcement of paragraph IV would place an unconscionable burden on appellant. The courts in Texas are vested with wide discretion in the division of property in suits for divorce and may divide the property in such a way as the court deems right, just and proper. Roye v. Roye, 404 S.W.2d 92, 96 (Tex.Civ.App., Tyler, 1966, n. w. h.); Dobbs v. Dobbs, 449 S.W.2d 119 (Tex.Civ. App., Tyler, 1969, n. w. h.); Hearn v. Hearn, 449 S.W.2d 141, 145 (Tex.Civ.App., Tyler, 1969, n. w. h.). The trial court, in dividing the property in a divorce suit, may take into consideration a number of things including the difference in earning power, capacity and abilities of the parties, the business opportunities, probable future need for support, fault in breaking up the marriage, and the benefits the innocent spouse would have received from a continuation of the marriage. Roye v. Roye, supra; Pickitt v. Pickitt, 401 S.W.2d 846 (Tex.Civ.App., Tyler, 1966, n. w. h.). We are of the opinion that a husband and wife in contemplation of a divorce may and should consider, as the court may, the conditions and circumstances of each other in executing a property settlement agreement. We quote from Appellant's affidavit in support of his cross-motion for summary judgment:

"At the time of the divorce, I felt that my wife would have a difficult time readjusting, personally as well as financially. I knew that there would be a period of adjustment for both of us, and that I could best assist my former wife,

of many years, during these trying times by giving her some support to help ease the readjustment period."

In Appellee's deposition, when asked what appellant gained out of paragraph IV, she replied: "a gal twenty-two years younger than he" and the right to remarry. We hold paragraph IV of the Property Settlement Agreement, even though not referable to any specific property, was a part of the entire contract and not invalid as alimony, nor is it invalid for lack of or failure of consideration.

Appellant cites Gent v. Gmenier, supra; Bunker v. Bunker, 336 S.W.2d 751 (Tex. Civ.App., San Antonio, 1960, writ dism.); and Gregory v. Gregory, 404 S.W.2d 657 (Tex.Civ.App., Houston, 1966, writ ref., n. r. e.), on his contention that the payments called for here are not referable to any property and are therefore alimony. Each of these cases may be distinguished in that each refers to the divorce decree itself requiring payments by one party to the other after the divorce, and that if such payments are so required by the decree, they are nevertheless not alimony if they are referable to some property.

We are unable to conclude that the Property Settlement Agreement, and paragraph IV in particular, is invalid or unenforceable because of the contention that it unjustly enriches appellee to the detriment of appellant, nor are we able to say that the contract, which is unambiguous, has a meaning other than that which the clear language shows was intended by the parties. Points one (B), two, six, and eight are overruled.

We have examined points four and ten and find them without merit and they are overruled.

Judgment of the trial court is affirmed.