**William T. TINSLEY, Appellant,**

**v.**

**Dorothea C. TINSLEY, Appellee.**

**No. 5335.**

Court of Civil Appeals of Texas, Waco.

July 3, 1974.

Rehearing Denied Aug. 1, 1974.

Frank Roberts, Killeen, for appellant.

Davis Bragg, Killeen, for appellee.

OPINION

McDONALD, Chief Justice.

This is an appeal by defendant William T. Tinsley from judgment against him for 1) $1925. with 6% interest from November 9, 1972, and 2) $5991. with 6% interest from October 2, 1973.

Plaintiff Dorothea C. Tinsley and defendant William T. Tinsley were formerly husband and wife. On December 23, 1971 they entered into a Deed of Separation in the State of North Carolina. In this agreement they divided the property accumulated during their marriage and defendant agreed to pay $675. per month for the support of plaintiff and the minor child of the marriage. On November 9, 1972 plaintiff obtained judgment against defendant in North Carolina for $1925. plus interest arrearages defendant failed to pay as required by the Deed of Separation. On December 15, 1972 defendant secured a divorce from plaintiff in Coryell County, Texas, and the court in the divorce decree approved the Deed of Separation previously entered into by the parties and incorporated it into the decree by reference. On January 24, 1973 plaintiff sued defendant for the $1925. due under the North Carolina judgment; for arrearages due under the Deed of Separation from the date of the divorce decree; and for such further arrearages as might occur before hearing. On November 5, 1973 the trial court entered judgment for plaintiff for both the $1925. due under the North Carolina judgment, and for $5991. arrearages due from date of the divorce decree.

Defendant appeals on 2 points:

1) The trial court erred in refusing to find that the December 15, 1972 divorce decree, "by incorporating the Deed of Separation required (defendant) to pay alimony * * in violation of the public policy of Texas * * and is invalid".

2) The divorce decree of December 15, 1972 is void because it is vague and ambiguous in that it does not specify what is to be paid as child support and what is to be paid as alimony for (plaintiff).

The Deed of Separation is a contract entered into on December 23, 1971 by the parties which recited that they can no

longer live together as husband and wife, and in which they agree: 1) To live separate and apart; 2) That plaintiff shall have custody of the minor child; 3) That their property be divided as specified; 4) That defendant pay to plaintiff $675. per month "for the support and maintenance" of plaintiff and the minor child (until defendant retires from the Army, the minor child reach 18, or defendant remarry).

The December 15, 1972 divorce decree which was secured by defendant herein, found that the parties had executed the "Agreed Property and Child Support Settlement", and "approved and incorporated (it) into the (divorce) decree by reference".

■ Texas courts are not authorized to grant permanent alimony payable at periodic times in the future. McElreath v. McElreath, 162 Tex. 190, 345 S.W.2d 722. But obligations assumed by a husband in separation agreements or contracts to make payments for the support of the wife after a divorce decree becomes final are not obligations to pay alimony and do not violate the public policy of this State. And if as a part of their property settlement the parties agree that the husband will make support payments to wife after a divorce is granted, court approval of the agreement does not invalidate it as alimony. Francis v. Francis, S.Ct., 412 S.W.2d 29; Cornell v. Cornell, S.Ct., 413 S.W.2d 385; Gent v. Gmenier, Tex.Civ.App., NWH, 435 S.W.2d 293; McBean v. McBean, Tex.Civ.App., NWH, 371 S.W.2d 930.

■ Further, the judgment of divorce is valid on its face, was entered at behest of defendant herein, was not appealed from, and cannot be set aside by collateral attack, as here. Gent v. Gmenier, supra; Gregory v. Gregory, Tex.Civ.App., NRE, 404 S.W. 2d 657; Marks v. Marks, Tex.Civ.App., NRE, 470 S.W.2d 83.

Defendant's points are overruled.

Affirmed.