**Herman VICKERS, Appellant,**

v.

**Lillian VICKERS, Appellee.**

**No. 7973.**

Court of Civil Appeals of Texas, Beaumont.

June 2, 1977.

Ronald L. Walker, Beaumont, for appellant.

Lynn Walker, Beaumont, for appellee.

KEITH, Justice.

This appeal involves the construction of a divorce decree. The parties were husband and wife until the entry of a divorce decree in 1972. The husband, our defendant/appellant, was petitioner and his lawyer negotiated a settlement of the community property rights of the parties but our plaintiff/appellee was not represented by counsel. The decree disposed of all of the property rights of the parties and the parties signed each page of the original judgment signifying their agreement thereto.

The trial court, in the divorce decree, set aside the family homestead to the wife and ordered the husband to continue the payment of all indebtedness and taxes due thereon as accrued and ordered him to pay all utility bills, exclusive of long distance tolls, so long as the wife occupied the property as her home. It was further provided that if the property was sold, the proceeds would belong to the wife.

The husband, after making all of the payments required of him for more than three years, stopped paying in December, 1975, after he had extinguished the purchase money lien on the home. He answer-ed the wife's suit for the utility bills by a general denial but did not testify on the hearing or offer any testimony in rebuttal to the wife's testimony supporting his breach of the covenants contained in the judgment. At the conclusion of the hearing, the trial court entered judgment in favor of the wife for the gross amount of the unpaid utility bills and husband has appealed.

The appeal is based upon two points of error: (1) the decree is vague and ambiguous and does not clearly advise either party of their obligations; and (2) the requirement that the husband make periodic payments to the wife constitutes permanent and post-judgment alimony in contravention of Texas law. We disagree on both counts and affirm the judgment.

As held in *Schwartz v. Jefferson,* 520 S.W.2d 881, 887 (Tex.1975): "Property adjudications in a divorce decree become final the same as in other judgments relating to title and possession of property", and the judgment in the case at bar had long since become final by operation of law. The judgment was and is immune from this collateral attack. *Peddicord v. Peddicord,* 522 S.W.2d 266, 269 (Tex.Civ.App.—Beaumont 1975, writ ref'd n.r.e.). See also, J. McKnight, "Family Law, Annual Survey of Texas Law", 30 Sw.L.J. 68, 86 (1976); and D. Fullenweider & D. Feldman, "Domestic Relations Judgments", 18 S.Tex.L.J. 1, 13–14 (1977).

Notwithstanding the rule forbidding collateral attacks upon such agreed or consent judgments, we recognize that the rights and obligations of the parties to such judgments are governed "largely by the rules relating to contracts." *Hutchings v. Bates,* 406 S.W.2d 419, 420 (Tex.1966).

But, we hasten to note that the parties lived under the agreed judgment and the husband had no difficulty in ascertaining his obligations for more than three years. Many years ago, our Supreme Court said, in *Lone Star Gas Co. v. X–Ray Gas Co.,* 139 Tex. 546, 164 S.W.2d 504, 508 (1942):

"The practical construction placed upon a contract by the parties themselves constitutes the highest evidence of their intention that whatever was done by them in the performance of the contract was done under its terms as they understood and intended same should be done."

So it is in the case at bar. The husband knew what was required of him so long as he chose to perform; his belated claim of ambiguity after three years of performance is utterly without merit.

■ Moreover, as noted earlier, the husband answered only with a general denial and had no affirmative defenses included in his answer. The claim of ambiguity in a contract must be raised by the pleadings, and in the absence of such a pleading the court will not hear evidence as to the intention of the parties which is different from that expressed in the contract. *Pickering v. First Pyramid Life Ins. Co. of America,* 491 S.W.2d 184, 185 (Tex.Civ.App.—Beaumont 1973, writ ref'd n.r.e.), and authorities therein cited. See also, *Bernard v. L. S. S. Corporation,* 532 S.W.2d 409, 411 (Tex.Civ. App.—Austin 1976, writ ref'd n.r.e.).

It is significant, too, that the husband did not testify upon the trial. Professor McCormick says, 1 Texas Law of Evidence § 102 at 140 (2d Ed. 1956): "In civil cases the failure of one of the parties to an action to testify raises a strong presumption against him." Thus, in the case at bar, the husband not only failed to plead ambiguity in the judgment, he failed to offer any evidence in support of such contention. Point one is overruled.

■ The husband contends, in his second point, that the requirement that he continue the payments of the utilities, etc., constitutes permanent alimony. Again, we disagree and overrule such point.

At the time of the entry of the divorce decree, the parties owned, in addition to the homestead, a business known as "L & H Oilfield Service", the net profit of which,

during the year preceding the divorce, was approximately $26,000. This business, along with its assets, was set aside to the husband as his separate property since it was, in the language of the decree, "presently in his or her possession."

In the leading case of *Francis v. Francis,* 412 S.W.2d 29, 33 (Tex.1967), our Supreme Court held that "obligations assumed by the husband in separation agreements or contracts to make payments for the support of the wife after a divorce decree becomes final, are not obligations to pay alimony and do not violate the public policy of this State." *

Nor are we impressed by husband's reliance upon the so-called "referability test" as set out in *Gent v. Gmenier,* 435 S.W.2d 293, 294–295 (Tex.Civ.App.—Waco 1968, no writ). *Gent* was harmonized with many other cases on the subject by Justice McKay in *Miller v. Miller,* 463 S.W.2d 477, 479 (Tex.Civ.App.—Tyler 1971, writ ref'd n.r.e.), which we find to be in accord with our views. Indeed, the agreement under consideration is much like that considered and held valid in *Cornell v. Cornell,* 413 S.W.2d 385 (Tex.1967). See also, *Republic National Bank v. Beaird,* 475 S.W.2d 344 (Tex.Civ. App.—Beaumont 1971, writ ref'd); *Griffin v. Griffin,* 535 S.W.2d 42, 43 (Tex.Civ.App. —Austin 1976, no writ). Point two is overruled.

The judgment of the trial court is affirmed.

---

* The husband's reliance upon *McBride v. McBride,* 256 S.W.2d 250 (Tex.Civ.App.—Austin 1953, no writ), is misplaced since that case was expressly overruled in *Francis,* supra, 412 S.W.2d at 33.