**Ellsworth Myron BAKKEN, Appellant,**

v.

**Adele BAKKEN, Appellee.**

**No. 18190.**

Court of Civil Appeals of Texas, Dallas.

Nov. 8, 1973.

Rehearing Denied Dec. 6, 1973.

Durant F. Clements, Bridgeport, for appellant.

Ronald R. Waldie, Dallas, for appellee.

BATEMAN, Justice.

The appellee sought and obtained a decree of divorce from appellant, custody of their four minor children and an attorney's fee. We affirm.

In his first point of error appellant contends that there was no evidence to support the trial court's findings that the marriage had become insupportable and that there was no reasonable expectation of reconciliation. Appellee testified, in support of her allegations that her marriage to appellant was incompatible, insupportable and could no longer exist, that appellant did not support her and their children; that his employment has been very irregular since 1959; that he drinks excessively, and becomes violent when he drinks, and was in an institution for alcoholics in December

1972. Appellant in his testimony admitted that he had had irregular employment and serious drinking and marital problems for a number of years.

It is not necessary for one seeking a divorce to testify specifically that "the marriage has become insupportable because of discord or conflict of personalities * * *." Tex.Family Code § 3.01 (1971). Neither is it necessary for any witness to testify specifically that there is no reasonable expectation of reconciliation. These are factual conclusions which the court may properly reach after hearing all of the evidence. We hold that the evidence summarized above was sufficient to support the findings of fact and the decree of divorce. Appellant's first point of error is overruled.

The second point of error complains of the granting of custody of the minor children "outright" to appellee because, "by her own testimony, she repeatedly sought to turn the minor children's affections from their father." This point is obviously without merit. Appellant did not ask for custody of any of these children in the trial court but argues that the trial court should have conditioned the award of custody to appellee by in some way enjoining her from making derogatory remarks about appellant. The record contains nothing to indicate that appellant sought this relief in the trial court, and therefore there is nothing presented for review on appeal. Nevertheless, we have examined the entire record carefully and see nothing therein to indicate that the trial court abused the discretion given it by the statute. Tex.Rev.Civ.Stat.Ann. art. 4639 (1960). Appellant's second point of error is overruled.

By his third point of error appellant contends that the trial court abused its discretion in the amount of child support awarded. The court ordered him to pay $2,500 on November 21, 1973 and $3,000 on the first day of November of each year

thereafter until the youngest child shall attain the age of eighteen years, or until further orders of the court. There was evidence that appellant earned more than $16,000 gross income in 1972, the year prior to trial. He testified that his "gross expenses" were more than $12,000 for that year, and that his "net income" was only $3,575 "which does not include any interest or depreciation." However, the $12,000 of "gross expenses" evidently included his living expenses. Since his use of the term "net income" evidently differs from the usage commonly accepted, the weight of his testimony in that regard is slight, and we cannot say that the trial judge was wrong in considering the gross income figure of $16,000. The financial support of minor children is a continuing obligation of both parents. Tex.Family Code § 4.02 (1971). The court heard the testimony of both parents, in addition to the documentary evidence offered, and concluded therefrom that appellant should contribute $250 a month, payable annually. We are not persuaded that this was wrong, unreasonable or an abuse of discretion. Tex.Rev. Civ.Stat.Ann. art. 4639a (Supp.1973). The third point of error is overruled.

█ The fourth point of error complains of that part of the judgment which awarded to appellee the first $7,500 of the net proceeds of the sale of the homestead of the parties. The judgment set aside the house for the use and benefit of appellee and the minor children until the youngest child shall reach the age of eighteen years, and provided that during that time appellee shall assume and be responsible for the mortgage payments. It also provided that after that time the house shall be sold and that appellee shall receive the first $7,500 of the net proceeds, the balance of such proceeds to be divided equally between appellant and appellee. This portion of the decree was based upon findings by the court that $5,000 of the down payment on the home was a gift to appellee's separate estate from her father and that after the parties separated in April 1971 she made

the monthly payments of $66 each. There was competent evidence to support these findings and we see nothing unfair or inequitable in the ruling. The point is therefore overruled.

Appellant also complains, in his fifth point of error, of that portion of the decree which set aside to appellee as her separate property 1,023 shares of Affiliated Fund stock and 384 shares of National Securities Series stock. It is undisputed that appellee's original shares in these two mutual funds were gifts from her father and thus her separate property. Appellant contends, however, that the shares in these Funds received by appellee during marriage were bought with earnings from the original shares and thus were community property, citing Scofield v. Weiss, 131 F.2d 631 (5th Cir. 1942).

Appellee testified without dispute that the quarterly cash dividends she received from these two mutual funds were used for the support of herself and her children, but that all her capital gain dividends were left with the mutual funds for the purchase of the additional shares in question.

 Mutual funds assets usually consist of the stocks, bonds and other securities of a number of other corporations. Their income is generally of two kinds: (1) cash dividends received from the corporations whose stock they own, and (2) the profit or gain realized from the sale of such stocks. When these cash dividends are passed on to married owners of mutual fund shares who hold them as separate property, there is no question that these dividends become community property of the spouses. The question before us is whether the distributed capital gains retain their nature as separate property or become community property when passed on to married owners of the mutual fund shares.

█ We hold that since appellee's original shares in the two mutual funds were admittedly her separate property the profit

**318**

or gain realized from the sale of capital assets of the mutual funds is also her separate property. If she had owned a farm of 100 acres, which had a value of $100 per acre or a total of $10,000 at the time of acquisition, and had sold 25 of these acres at $1,000 per acre, the entire $25,000, even though in excess of the original value of the entire farm, would clearly have been her separate property. Estrada v. Reed, 98 S.W.2d 1042, 1044 (Tex.Civ.App.—Amarillo 1936, writ ref'd); Evans v. Purinton, 34 S.W. 350 (Tex.Civ.App.—Fort Worth 1896, writ ref'd); Cabell v. Menczer, 35 S.W. 206 (Tex.Civ.App.—Dallas 1896, no writ). And any land, stocks, bonds or other property, in which she might invest the $25,000, would also have been her separate property, assuming its separate character was traceable. Tarver v. Tarver, 378 S.W.2d 381, 387 (Tex.Civ.App.—Texarkana 1964), aff'd 394 S.W.2d 780 (Tex.1965); Boyd v. Orr, 170 S.W.2d 829, 833 (Tex.Civ.App.—Texarkana 1943, writ ref'd w.o.m.). We know of no reason why a different rule should apply to the sale of her interest in stocks owned by a corporate mutual fund of which she was a shareholder. Our holding is consistent with the rule that increases in the value of separate property arising from fortuitous causes such as market fluctuations or natural growth remain separate property. Dillingham v. Dillingham, 434 S.W.2d 459, 461 (Tex.Civ.App.—Fort Worth 1968, writ dism'd).

Since the trial court properly determined that the shares in question were appellee's separate property, and since that court has wide discretion under Tex.Family Code § 3.63 in partitioning the separate and community property of the spouses, no error is shown. Accordingly, appellant's fifth point is overruled.

Appellant's sixth point of error complains of that part of the judgment which orders him to pay appellee's attorney a fee of $750 when only $300 was sought by her pleadings. On oral argument appellee conceded that the award was excessive. We therefore reform the judgment by reducing the award therein of appellee's attorney's fee to $300.

As reformed, the judgment is affirmed.