**S. A. NORDSTROM, Appellant,**

**v.**

**Violet NORDSTROM, Appellee.**

**No. 5378.**

Court of Civil Appeals of Texas, Waco.

Oct. 24, 1974.

Rehearing Denied Nov. 7, 1974.

---

quent monthly payments of $300 each allegedly due her from appellant under the terms of a property settlement agreement made by them in contemplation of divorce. The appellant answered with general and special pleas, and, by way of cross-action, sought, inter alia, a declaration that the monthly payments from him to appellee required by the provisions of the property settlement agreement, and the divorce decree based thereon, constitute permanent alimony, are contrary to public policy, and are void. After a trial without a jury the court rendered judgment that the settlement contract and the divorce decree are valid, and awarded appellee six past-due payments totaling $1,800. All other recoveries sought by the parties were denied. In his three points of error, appellant questions the holdings that the parts of the property settlement agreement and the divorce decree challenged by him are valid; and, thereby attacks the $1,800 award based on those holdings. We affirm.

Findings of fact and conclusions of law were neither requested nor filed.

The judgment of divorce was rendered on February 14, 1969, after 30 years of marriage by the parties. Insofar as pertinent, the divorce decree contains these provisions:

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court that the Plaintiff is hereby granted a Judgment of Divorce against the Defendant and the parties are hereby returned to the status of single person;

"The Court further found that the agreement of the parties as to a division of property accumulated during the course of the marriage was just and fair and approved said agreement; said Property Settlement Agreement of the parties is included herein by reference, and made a part hereof for all purposes;

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that the Plaintiff shall take as her separate

McCulloch, Ray, Trotti & Hemphill, Ross H. Hemphill and Donald J. Hahn, Jr., Dallas, for appellant.

Purnell, Gillis & Rogers, Virgil E. Rogers, Dallas, for appellee.

HALL, Justice.

The appellee initiated this suit for the recovery, among other things, of delin-

property the 858 shares of Puritan Fund and that the Defendant is to complete the payment plan therein of approximately $3,100.00; Plaintiff is to take as her separate property the sum of $8,500.00 cash payable $1,000.00 each month beginning in February, 1969; Plaintiff is to take the A. M. C. Ambassador automobile as her separate property;

"*IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that Plaintiff is to receive from the Defendant on the 10th day of each month, with the first month being February, 1969, the sum of $300.00 monthly, said payment being made in compliance with the agreement of the parties . . .*; (emphasis added)

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that Defendant, Sven A. Nordstrom, takes as his separate property all of the stock of Norco Sales, Inc.; all of those shares of the common stock as his separate property, being Wilson and Company; McDonnell-Douglas Corporation; Great American Reserve Insurance Company; New Jersey Life Insurance Company; Mary Kay Cosmetics, Inc.; and each party shall retain title to the various items of personal property and paraphernalia now in their possession.

"The property settlement agreement is also dated February 14, 1969. In its relevant parts, the agreement provides as follows:

"WHEREAS, each party hereto, with their respective attorney of record, have reached an understanding and a compromise agreement between themselves as to all matters and issues now in conflict, and further saying that in the event a divorce should be granted herein by the Honorable Judge presiding, then they each agree that this Property Settlement Agreement, if same be approved by the Court, be made the basis of a settlement between the parties, and same shall be included in the final judgment insofar as it is possible to do so;

"NOW, THEREFORE, KNOW ALL MEN BY THESE PRESENTS: That in consideration of the premises and of the representations of each party to the other party relating to the extent of the community estate, and that each party is relying on such representations and they have entered into this agreement, and relying on the further representations, promises and undertakings hereinafter set forth, same moving from each party to the other, both of the said parties have agreed as follows:

"I

"That the whole of the aforesaid parties community estate is set forth herein and is described as follows:

"Interest in one (1) certain business identified as Norco Sales, Inc., a family oriented organization with ownership of 80% of the common stock of said business.

"Certain interest in stock ownership being 100 shares of Wilson and Company, Inc.; 100 shares McDonnell-Douglas Corporation; 30 shares Great American Reserve Insurance Company; 200 shares New Jersey Life Insurance Company; 858 shares Puritan Fund; 25 shares Mary Kay Cosmetics, Inc.;

"One (1) certain automobile A. M. C. Ambassador model, paid for.

"Various items of personal property and paraphernalia in the possession of each party.

"II

"It is further agreed in consideration of the premises, the settlement of the respective property rights of the parties, the mutual promises and the representations herein, made, running from each to the other, that Plaintiff herein, VIOLET M. NORDSTROM, shall take as her separate property, subject only to the approval of the Court, all right, title and interest of the parties herein in and to all personal prop-

erty referred to and described herein below in this paragraph to be her sole and separate property.

"a.) Plaintiff shall take and receive as her separate property all of the ownership rights in and to the 858 shares of the Puritan Fund with the further agreement that Defendant is to pay the remaining balance due to complete the agreement to purchase of an initial investment of $12,000.00 principal sum contributed, and it is stipulated and agreed by the parties that Defendant has paid till this date the approximate contributed sum of $9,000.00 toward the total amount.

"b.) Plaintiff, VIOLET M. NORDSTROM, is to receive as her separate property as a lump sum cash settlement only, the total agreed amount of $8,500.00, said payment is to be paid by periodic payment of $1,000.00 each month, with the first of said payments to be paid on or before the 27th day of February, 1969, and a like payment on the 27th day of each succeeding seven (7) months, and the final payment of $500.00 to be paid on or before the 27th day of October, 1969.

"c.) Plaintiff is to take as her separate property, free and clear, the family automobile described as being an A. M. C. Ambassador, 1969 model. Plaintiff is to receive as her separate property all of the stock owned by the community estate in what is identified between the parties as the Puritan Fund, 858 shares, as of present date; in addition, Plaintiff is to receive as her separate property those remaining shares which are to be delivered in accordance with certain contractual relationship now in existence between this community estate and the Puritan Fund, and Defendant will continue to make the periodic agreed payments to the Puritan Fund at his own expense with the stock being received therefrom being delivered to plaintiff.

. . . Plaintiff is to receive as her separate property a sum of money agreed upon by the parties to compensate her for the remaining assets of the community estate, and such evaluation is arbitrarily agreed upon by the parties in order to avoid the vexation and aggravation together with the expense encumbent on same of determining with exactitude the amounts involved; in order to avoid confrontation and to not divide any other assets in kind, but to leave each party with those assets now in possession of each, *Plaintiff is to receive from Defendant on the tenth (10th) day of each month the sum of $300.00 payable to Plaintiff for her lifetime; with the first payment to be made on the tenth (10th) day of February, 1969, and like payments in like amounts on the tenth (10th) day of each succeeding month thereafter during Plaintiff's lifetime. This payment is to be made by Defendant to Plaintiff in accordance with the terms of the Final Judgment to be entered herein, and is paid only because of such Order to be entered,* and is qualified in terms of identification as being alimony payments from Defendant to Plaintiff in accordance with Internal Revenue Service regulations in such matters, Code, Section 71, of 1954 as amended. (emphasis added)

"d.) Plaintiff agrees to sign any and all instruments required to be signed to effectuate this agreement.

"III

"Defendant, SVEN A. NORDSTROM is to receive as his separate property, in consideration herein, as follows:

"a.) All of the stock of Norco Sales, Inc., a Texas Corporation, which is presently owned by the community estate.

"b.) All of those shares of stock previously identified herein as the separate property of the Defendant, being 100 shares,

Wilson and Company, Inc.; 100 shares, McDonnell-Douglas Corporation; 30 shares, Great American Reserve Insurance Company; 200 shares, New Jersey Life Insurance Company; 25 shares, Mary Kay Cosmetics, Inc., and Plaintiff is to have no further claim of interest in and to these stocks.

.    .    .    .    .    .

"d.) Defendant is to receive and keep as his separate property those items of personal effects and paraphernalia now in his possession.

"Defendant agrees to execute any and all instruments necessary to implement this agreement.

"Plaintiff and Defendant, each with their respective attorneys of record, have read and studied this agreement. It sets out the terms and conditions understood between the parties; each is relying on advice of their own personal counsel. Each party is relying on representations made by the other parties, and a full disclosure of all facts herein has been made. There are no secret promises or other agreements or inducements not herein expressed and stated and no oral statements which have any force or effect."

Appellant asserts that the portion of the divorce decree emphasized above orders payment of alimony; and that the part of the property settlement agreement emphasized, which he says "was expressly conditioned and made effective only because of the judgment of divorce," also requires payment of alimony; and that, for these reasons, the divorce decree and the property settlement contract are both contrary to public policy and therefore void.

After reviewing authorities on the question, the Supreme Court held, in Francis v. Francis, (Tex.Sup., 1967) 412 S.W.2d 29, 33, that "alimony which contravenes the public policy of the State is only those payments imposed by a court order or decree on the husband as *a personal obligation for support and sustenance of the wife* after a final decree of divorce"; and that "obligations assumed by the husband in separation agreements or contracts to make payments for the support of the wife after a divorce decree becomes final, *are not obligations to pay alimony* and do not violate the public policy of this state." (emphasis added)

It follows that the contested monthly payments in the property settlement agreement in question cannot be and are not alimony. Moreover, we have no difficulty in determining, as the trial court presumably determined, that the monthly payments agreed to be paid to appellee by appellant, and ordered by the court, are nothing more than a part of the division of the parties' community property, and is not in any sense a "personal obligation for support and sustenance" of appellee by appellant. We think the contract and the decree clearly show this to be true. In any event, there is testimony which supports the implied finding that the specific property given by appellee in exchange for the $300 monthly payments for life was her one-half community interest in 80% of a lucrative family business. In the divorce decree, the court acknowledged the property settlement agreement, found it to be just and fair, approved it, incorporated it by reference, and then, as was the court's duty, ordered a division of the parties' property. This division coincided with the agreement, including the award to appellant of what the record shows was appellee's community property interest in Norco Sales, Inc. (the family-owned business), and the award to appellee of $300 monthly for life from appellant.

Payments ordered in a divorce decree to be paid between husband and wife after their divorce which are, as here, based upon and a part of the division of their property, are not permanent alimony and are valid and enforceable. Gent v. Gmen-

ier, (Tex.Civ.App.—Waco, 1968, no writ hist.) 435 S.W.2d 293, 294.

The record shows that the parties attempted in the property settlement contract to word the agreement for the monthly payments in a fashion that would permit appellant to claim them as "alimony" payments in his dealings with the Federal Internal Revenue Service; and that he did so for one year. These facts do not make alimony that which in law is not alimony.

Appellant's points and contentions are overruled. The judgment is affirmed.