John Gary STRADER, Appellant,

v.

Lois Eileen STRADER, Appellee.

No. 5397.

Court of Civil Appeals of Texas, Waco.

Nov. 27, 1974.

Tobolowsky, Schlinger & Blalock, Ira E. Tobolowsky, Dallas, for appellant.

Ungerman, Hill, Ungerman, Angrist, Dolginoff & Teofan, Robert C. McGuire, Dallas, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendant John Gary Strader from judgment setting support payments to be made by him for his two minor sons at $1000. per month from May 1, 1974; finding defendant owed an arrearage of $26,000. under the Uniform Reciprocal Support Act; and decreeing that defendant pay into the registry of the court $1200. per month (representing child support of $1000. per month plus $200. per month towards the arrearage of $26,000.

Plaintiff Lois Eileen Strader, a resident of New Mexico filed this cause under the Uniform Reciprocal Support Act asserting defendant owed arrearages in child support payments under a June 22, 1971 California court order. Plaintiff by supplemental petition plead a July 26, 1973 Nevada Court judgment which decreed plaintiff recovery from defendant of $11,605. unpaid child support to June 1, 1973.

Defendant answered that he was not obligated to make the payments sued for because such were alimony payments and against the public policy of Texas; and in

the alternative that such payments are unjust and unreasonable. Defendant further filed an unverified "Plea in Bar to Jurisdiction of the Court" asserting: 1) that the order of the California court relied on by plaintiff requires defendant to pay alimony; and 2) that plaintiff has also filed a suit in the Northern District of Texas Federal Court based on the same California order.

Trial was before the court which rendered judgment on May 6, 1974 setting child support payments of defendant at $1000. per month; as of May 1, 1974; and found an arrearage of $2000. per month from March 28, 1973 totalling $26,000.

Such judgment further provided that it "shall not supersede any other order of support, but amounts paid from this date forward, and paid pursuant to either order shall be credited against amounts accruing or accrued for the period under both orders".

The trial court filed Findings of Fact the following of which defendant does not challenge or assign as error:

1) Lois Strader and John Gary Strader were married January 13, 1965.

2) There were two children of said marriage: John A. Strader, born August 28, 1967, and Matthew A. Strader, born September 21, 1968.

3) On August 17, 1971 a Final Dissolution of the Marriage of the parties was entered in California.

4) John G. Strader has not paid any monies to Lois E. Strader since November 30, 1972, either for her or as support for the children.

5) On February 13, 1973 John G. Strader was found in contempt of the California court.

6) On July 26, 1973 Lois Strader recovered judgment against John G. Strader in Nevada District Court for $11,605. which judgment provided "which said sum consists of unpaid child support as required in the judgment of dissolution of marriage up to and including the month of May 1973".

7) Said Nevada judgment is a valid and subsisting unpaid final judgment between the parties in existence at this time.

8) On March 28, 1973 Lois Strader filed in New Mexico under the Uniform Reciprocal Support Act.

9) John G. Strader is well able to support his two children. During November 1973 through March 1974 his gross income averaged $14,570. per month.

10) John Strader earned $50,000. for half of September and October 1973.

11) John Strader married subsequent to the divorce from Lois and has supported the children of his new wife; and has not contributed to the support of his and Lois' children since November 30, 1972.

12) During the period March 28, 1973 through April 15, 1974 plaintiff was in dire financial circumstances and unable to support her children; and had to borrow money to care for the children.

Defendant appeals on 21 points (among other matters) contending:

1) The trial court erred in not sustaining defendant's "Plea in Bar to Jurisdiction".

2) There is no evidence and/or insufficient evidence to support the trial court's award of child support; and the trial court erred in so concluding.

3) There is no evidence and/or insufficient evidence to support the trial court's award of arrearages to be paid by defendant, and the trial court erred in concluding that arrearages should be paid.

Defendant's contention 1 asserts the trial court erred in not sustaining his "Plea in Bar to Jurisdiction".

Defendant filed an unverified "Plea in Bar to Jurisdiction of the Court" asserting that the instant case should be dismissed because: 1) It was a suit for alimony which is against the public policy of Texas; and 2) Plaintiff has also filed a suit in Federal Court seeking the $2000. per month "Spousal Support" awarded in the California decree.

The California decree incorporated an agreement of the parties whereby defendant agreed to pay plaintiff $2000. per month Spousal Support. The agreement further provides that "the parties intend to effect a final and complete settlement of the property rights with reference to each other and to provide for the future support of wife and minor children". The contract further provides that upon the "death, marriage, * * or achieving majority of the first of the minor children the $2000. shall be reduced by 30%; and reduced by another 30% when the second minor dies, marries or achieves his majority".

■ Since the $2000. payment was based in part upon division of the parties' property it is not alimony. Nordstrom v. Nordstrom, Tex.Civ.App. (Waco), 515 S.W. 2d 14; Gent v. Gmenier, Tex.Civ.App., (Waco), NWH, 435 S.W.2d 293; Tinsley v. Tinsley, Tex.Civ.App., (Waco) NWH, 512 S.W.2d 74; Francis v. Francis, Tex., 412 S.W.2d 29.

Moreover construing the contract as a whole, as we must do, at least $1200. of the $2000. per month payment provided for is child support. Citizens National Bank v. T & P Ry. Co., 136 Tex. 333, 150 S.W.2d 1003.

The suit was not one for alimony.

■ As to the pendency of the suit in Federal Court, plaintiff did not verify his motion as required by Rule 93 Tex. Rules of Civil Procedure; and further the remedy sought by plaintiff, collection of child support, under the Uniform Reciprocal Support Act and the Texas Family Code is "in addition and not in substitution for any other remedies". Sec. 21.04 Texas Family Code, V.T.C.A.

The trial court did not err in not sustaining defendant's plea to the jurisdiction.

Defendant's contention 2 is, there is no evidence or insufficient evidence to support the trial court award of child support.

The trial court in its judgment decreed that defendant pay child support of $1000. per month effective May 1, 1974.

■ The uncomplained of findings of the trial court as well as the evidence amply support this award.

■ Financial support of minor children is a continuing obligation. Texas Family Code Section 4.02. The trial court was authorized to make the award that it did, and did not abuse its discretion. Bakken v. Bakken, Tex.Civ.App., (Dallas), NWH, 503 S.W.2d 315; White v. White, Tex.Civ.App., (Amarillo) NWH, 503 S.W. 2d 401.

Contention 3 is, there is no evidence or insufficient evidence to support the trial court's award of arrearages in the amount of $26,000.

■ Defendant has made no payment to plaintiff for the children since November 30, 1972. On July 26, 1973 the District Court in Nevada rendered judgment against defendant for $11,605. unpaid child support through May 1973. This judgment is res judicata of such amount through May 1973. Commonwealth of Mass. v. Davis, 140 Tex. 398, 168 S.W.2d 216; Carter v. G & L Tool Co. of Utah, Tex.Civ.App., (San Antonio) NWH, 428 S.W.2d 677.

The difference in the $26,000. awarded and the $11,605. decreed in Nevada, is $14,395., for a period of eleven months.

Under the unchallenged findings the trial court was authorized to make this award.

All defendant's points and contentions are overruled.

Affirmed.