Lynda RANEY, Appellant,

v.

Robert RANEY, Appellee.

No. 924.

Court of Civil Appeals of Texas, Tyler.

April 15, 1976.

**618**

David P. Brown, Asst. County Atty., Henderson, for appellant.

Glenn A. Perry, Wellborn & Houston, Gordon Wellborn, Henderson, for appellee.

DUNAGAN, Chief Justice.

This appeal is from the dismissal of a child support action brought under the Uniform Reciprocal Enforcement of Support Act. The dismissal was based upon the pendency of a similar action between the same parties. We reverse and remand.

On May 17, 1973, Lynda Raney instituted Cause No. 73–153 against her husband, Robert Raney, in the Rusk County District Court. She sought a divorce, an equitable division of the property and custody and support of their two children. A temporary order was entered on June 6, 1976, which granted custody of the children, a boy 9 years of age and a girl 6 years of age, to Lynda and required Robert to make support payments of $125 per month. Lynda subsequently established a residence in Oklahoma with the children and Cause No. 73–153 was neither prosecuted to a final judgment nor dismissed. Subsequent to the temporary order. Robert, at Lynda's request, went to Oklahoma and returned with the boy to Rusk County, Texas, with whom he was living at the time the order was entered.

On July 10, 1975, Lynda instituted an action in Oklahoma against Robert under that State's Uniform Reciprocal Enforcement of Support Act, Title 12, Chapter 32, Oklahoma Statutes (1971). She alleged that he had refused or neglected to make child support payments since January, 1975. This action was transferred to the District Court of Rusk County, Texas, and entered as Cause No. 75–274. During the hearing and upon the motion of counsel for Robert Raney, the trial court dismissed this action because Cause No. 73–153 was still pending in that court. This appeal is from that dismissal.

When a court acquires jurisdiction of the parties and the subject matter of a cause of action, that court has the paramount right to dispose of the case even though another case, involving the same parties and subject matter, is subsequently filed in another court of concurrent jurisdiction. *Curtis v. Gibbs,* 511 S.W.2d 263,

267 (Tex.1974). The issue before this court is whether the Uniform Reciprocal Enforcement of Support Act [1] has created an exception to this paramount right.

■ Section 21.04 states that all remedies provided in the Act are in addition to and not in substitution for any other remedies. Section 21.42 provides that no proceeding under the Act shall be stayed because of the existence of a pending suit for divorce, separation, annulment, dissolution, habeas corpus or custody proceeding. Neither section expressly governs the instant situation,[2] but the purposes of Chapter 21 serve as guidelines for the construction of those sections. These purposes are to improve and extend the enforcement of duties of support. Section 21.02. Chapter 21 was designed to provide an economical and expedient means of enforcing support orders for parties who are located in different states or jurisdictions. *Westphal v. Palmer,* 480 S.W.2d 277, 278 (Tex.Civ.App.—Houston, 14th District, 1972, n. w. h.).

The *Westphal* case involved the effect of a final order for divorce and support upon a child support action instituted under Article 2328b-4, V.A.C.S., the predecessor of Chapter 21. The dismissal of the child support action was reversed pursuant to the court's construction of that Act. Appellee would distinguish *Westphal* on the ground that it involved a final order, as opposed to a pending suit, for divorce and support. That reversal of the dismissal, however, was based in part upon the persuasive significance of section 21.42 which prohibits the stay of proceedings because of the existence of a *pending* suit. *Westphal v. Palmer,* supra, at 279. Moreover, the pendency of a child support suit in a federal court in Texas did not authorize the dismissal of a similar suit under Chapter 21 in *Strader v. Strader,* 517 S.W.2d 905, 908 (Tex.Civ.App. —Waco 1974, n. w. h.).

Appellee argues that the purpose of section 21.42 is to prevent a potential obligor from frustrating an anticipated Uniform Reciprocal Enforcement of Support action by filing, in his or her county, a proceeding involving the same parties and subject matter. This would force the party seeking support to prosecute that action as a counterclaim in the proceeding filed by the other party. Appellee contends that if Chapter 21 does create an exception to the general prohibition of the simultaneous maintenance of similar suits, that exception should be limited to instances in which the defendant in the Chapter 21 action filed the prior proceeding.

■ Such a limitation could have been, but was not, adopted in *Strader v. Strader,* supra. We are of the opinion that the broad purposes and remedial nature of Chapter 21 contemplate the pendency of one action filed in the county of the obligor's residence along with another action subsequently filed in a different jurisdiction and transferred pursuant to the Uniform Reciprocal Enforcement of Support Act. This interpretation would aid, for example, a spouse who, after filing a support action, was forced by economic reasons to move to another jurisdiction. Such a spouse might well be unable to afford the dismissal of the prior suit.

The judgment of the trial court is reversed and this cause is remanded for trial.

---

1. Tex.Family Code Ann. Chapter 21 (1965); all subsequent statutory references are to this Act unless otherwise indicated.

2. The courts of other jurisdictions have construed provisions similar to these sections to permit the maintenance of a U.R.E.S.A. action despite the existence of a prior or pending divorce suit. *See Nelson v. Nelson,* 17 Ill. App.3d 651, 308 N.E.2d 132, 135 (1974); *Paul v. Paul,* 439 S.W.2d 746 (Mo.1969).