IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00251-CV

 

Stace Carol LeGrand-Brock,

                                                                      Appellant

 v.

 

Roy Richard Brock,

                                                                      Appellee

 

 

 



From the 221st District Court

Montgomery County, Texas

Trial Court No. 02-10-06730 CV

 



MEMORANDUM  Opinion



 

This is a dispute over the division
of a community estate in a marriage dissolution between Stace Carol Le
Grand-Brock (“Stace”) and Roy Richard Brock (“Roy”).  The trial court held that
cash payments received during marriage were Roy’s separate property.  Stace
appeals in seven issues.  Her sixth issue asserts that it was error for the
trial court to exclude her proffered expert testimony concerning the
characterization of these cash payments.  Her final issue is whether the
division is “just and equitable,” as required by the Family Code.  Her other
five issues revolve around whether the court erred in its ruling that the cash payments
were separate property.  We will find that the trial court erred in refusing to
admit Stace’s expert testimony on characterization of these payments, reverse
the property division, and remand for further proceedings.

BACKGROUND

At the time of their marriage, Roy owned, as his separate property, 740.5 shares in BTH Holdings, Inc. (“BTH”), a Delaware corporation.  On February 15, 1999, the Board of Directors and Shareholders passed
unanimous resolutions to dissolve BTH.  This liquidation was to be effected
over a period of three years, and after all of the debts, liabilities, and
obligations were satisfied, the remainder of the assets were to be distributed
to the shareholders “according to their respective rights and interests in
complete cancellation or redemption of all the shares of capital stock” of
BTH.  Roy received four cash payments: (1) $4,443,000 in March, 1999; (2)
$1,406,950 in September, 1999; (3) $444,300 in November, 1999; and (4) $681,260
in November, 2001.[1] 
It is unclear from the record how many shares, if any, were relinquished in
connection with each cash payment.  BTH received a certificate of dissolution
on October 31, 2001 from the State of Delaware.

During the trial, the trial judge ruled
as a matter of law that the cash payments were Roy’s separate property.  She
then excluded Stace’s proposed expert testimony regarding the characterization
of this property.  Stace made an offer of proof.




RELEVANT LAW AND ANALYSIS

All property possessed by either
spouse during or on dissolution of marriage is presumed to be community
property.  Tex. Fam. Code Ann. §
3.003(a) (Vernon 2004).  To prove that property is separate property, clear and
convincing evidence is required.  Id. § 3.003(b).  Cash dividends
received on separately held stock are community property.  Bakken v. Bakken,
503 S.W.2d 315, 317 (Tex. Civ. App.—Dallas 1973, no writ).  The character of
property is not changed by the sale, mutation, exchange, substitution, or
change in form of separate property.  Norris v. Vaughan, 152 Tex. 491, 260 S.W.2d 676, 679 (1953); Horlock v. Horlock, 533 S.W.2d 52, 60 (Tex.
Civ. App.—Houston [14th Dist.] 1975, writ dism’d w.o.j.).  Federal or state tax
treatment does not control the character of marital property in Texas.  See Tex. Const. art. XVI, §
15; Thomas v. Thomas, 738 S.W.2d 342, 345 (Tex. App.—Houston [1st Dist.]
1987, writ denied).

We find that Stace properly
preserved her exclusion-of-evidence issue with a sufficient offer of proof.  See
Tex. R. Evid. 103; Chance v.
Chance, 911 S.W.2d 40, 51-52 (Tex. App.—Beaumont 1995, writ denied).  We
review challenges to the exclusion of expert testimony under an abuse of
discretion standard.  E.I. du Pont de Nemours & Co. v. Robinson, 923
S.W.2d 549, 558 (Tex. 1995).  For expert testimony to be relevant, the proposed
testimony must be sufficiently tied to the facts of the case that it will aid
the trier of fact in resolving a factual dispute.  Id. at 556.

During the offer of proof, Stace’s
expert opined that (1) Roy’s stock was never sold; (2) during the liquidation,
BTH paid out large liquidation dividend distributions to its shareholders from
its retained earnings and profits; and (3) the cash distributions Roy received
are community property.

Regarding characterization, Roy argues that his stock was exchanged for BTH’s net cash assets (i.e., mutation), which
therefore remain his separate property.  Thus, Roy argues that this expert testimony
was not relevant because it would not assist the trier of fact to determine a
fact in issue.

Because there was a fact issue
regarding whether Roy’s stock was exchanged/sold for cash or whether the cash payments
were (in whole or in part) dividends, we find that Stace’s expert testimony was
relevant and essential for the trier of fact to determine if the cash payments
were community or separate property.  See Robinson, 923 S.W.2d at 556,
558.

CONCLUSION

We have found that the trial court
erred in refusing to admit Stace’s expert testimony on the characterization of
the payments received by Roy from BTH over a three-year period.  We further
find that the error probably caused the rendition of an improper judgment
regarding the just and equitable division of the parties’ community estate.  Tex. R. App. P. 44.1(a).  Thus, we reverse the judgment with
respect to the division of the community estate and remand this cause for
further proceedings.  Id. 43.3(a), 44.1(b); see also Jacobs v. Jacobs,
687 S.W.2d 731, 733 (Tex. 1985); Glud v. Glud, 641 S.W.2d 688, 691 (Tex.
App.—Waco 1982, no writ).  We affirm the judgment in all other respects.

 

 




 

 

BILL VANCE

Justice

 

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

          (Chief
Justice Gray dissenting)

Reversed and remanded
in part; affirmed in part

Opinion delivered and
filed October 12, 2005

[CV06]









    [1]       Although
not at issue in this appeal, as a result of a spin-off, Roy also received 740.5
shares of BTH Property Services, Inc.